L. C. BOYLE, Appellant, v. METROPOLITAN STREET RAILWAY COMPANY, Appellant.

**Kansas City Court of Appeals, December 7, 1908.**

1. ATTORNEY AND CLIENT: Lien: Compromise: Fraud. The statute giving attorneys a lien on the judgment and its proceeds to secure their fees merely provides a security for the fee and not its liquidation and does not prevent the client from compromising his case with the other litigant, since that would impair his right to contract and defeat his property rights and lead to the oppression of clients.

2. ————: ————: Statute. Plaintiff is held to have brought himself within the provisions of the statute and therefore entitled to his lien.

2. APPELLATE PRACTICE: Abstract: Affirming. Though, strictly speaking, an abstract is insufficient, yet if it presents enough to show the judgment should be affirmed, the appellate court will not pass upon its sufficiency.

Appeal from Jackson Circuit Court.—*Hon. Henry L. McCune,* Judge.

AFFIRMED.

*Boyle, Guthrie, Howell & Smith* for appellant.

(1) The statute under which this action was instituted provides that "from the commencement of an action . . . the attorney . . . has a lien upon his client's cause of action . . . which attaches to a verdict . . . or judgment in his client's favor, and the proceeds thereof in whosoever hands they may come; and cannot be affected by any settlement between the parties before or after judgment." Laws 1901, p. 46. Curtis v. Railroad, 118 Mo. App. 341.

*John H. Lucas* for appellant.

The court erred in its finding for respondent, and in its refusal to declare that respondent could not recover. R. S. 1899, secs. 4937-1, 4937-2; Curtis v.

Railroad, 118 Mo. App. 341; Wait v. Railroad, 204 Mo. 491; Taylor v. Transit Co., 198 Mo. 715; O'Connor v. Transit Co., 198 Mo. 622; Alexander v. Railway, 54 Mo. App. 66; Guarantee Co. v. Kansas City, 200 Mo. 159; Casey v. Transit Co., 116 Mo. App. 235; Eddington v. Telegraph Co., 115 Mo. App. 93; Mangold v. Railroad, 116 Mo. App. 606; Black v. Brittain, 116 Mo. App. 386; Kroeger v. Bohrer, 116 Mo. App. 208.

BROADDUS, P. J.—This is a suit to enforce an attorney's lien under the provisions of the statute. The facts of the case are as follows: One George D. Shultz was injured by the alleged negligence of the defendant, the Metropolitan Street Railway Company. He employed plaintiff Boyle, an attorney at law, to bring suit against the defendant for the damages he had sustained in consequence of the injury and agreed to pay him thirty per cent of the amount recovered by suit or otherwise. The suit was instituted by plaintiff July 1, 1902, and the cause was tried and judgment entered in favor of Shultz on July 30, 1903. From the judgment rendered against it, the defendant appealed to the Supreme Court and time was given for it to file bill of exceptions, until October 31, 1903. Previously on March 5, 1903, the plaintiff herein gave defendant notice of his lien for his fee secured to him by the statute. While the appeal was pending, Shultz negotiated a settlement with defendant and defendant paid him the sum of $600, in satisfaction of his judgment and he duly entered satisfaction thereof on the proper record. The plaintiff Boyle had no notice of the settlement at the time it was made and he did not give his assent to it.

The plaintiff included in his petition a cause of action to enforce his lien and one also for a cancellation of the satisfaction of the judgment. The court dismissed plaintiff's demand for equitable relief and gave him judgment for $180, thirty per cent of $600, the amount of said settlement, to which was added interest from March

15, 1904, at the rate of six per cent. From this judgment both plaintiff and defendant appealed.

There is nothing in the record to show that there was any fraud practiced by defendant to induce Shultz to make said settlement and satisfy the judgment. This case is in principle similar in every respect to that of Curtis v. Railway, 118 Mo. App. 341, wherein we held in an opinion by JOHNSON, J., that: "The statute preserves the lien, but the liquidation of the contingent fee does not occur until the final end of the litigation or an honest settlement by the parties, and the statute does not deprive the plaintiff of the control of the action. It merely provides a security for the attorney's fee and not its liquidation." In that case, as in this, the plaintiff claimed thirty per cent of the amount of the judgment. Nothing has been suggested in the presentation of this case that we think would justify us in changing our former holding.

In addition to what is said in the case referred to, we may be pardoned in saying further that we do not believe that it was in the power of the Legislature to take away from the plaintiff in such cases the unlimited right to contract with reference to his cause of action. Such a law would be an invasion of his property rights, which is forbidden by the constitution. The consequences to be anticipated from such legislation might not only lead to prolonged litigation, but to the oppression of clients. It would place them under the complete dominion of their lawyers and thus practically deprive them of any agency whatever in the compromise of their suits.

The defendant appeals on the ground that plaintiff failed to bring himself under the provisions of the statute. We think he did bring himself under the provisions of the statute.

The defendant has also moved that plaintiff's appeal be dismissed for the reason that he has not complied with the statute and the rules of the court in presenting his case. This, strictly speaking, may be true, but, as he

has presented enough of the record to show that the judgment should be affirmed, we do not deem it necessary to pass any opinion upon that question.

The judgment is affirmed on the appeal of both plaintiff and defendant. All concur.