A. L. ABBOTT et al., Respondents, v. UNITED RAIL-
WAYS COMPANY OF ST. LOUIS, Appellant.

St. Louis Court of Appeals, Submitted April 12, 1909.   Opinion
Filed May 25, 1909.

1. SERVICE: Attorneys' Liens: Notice: Corporations.   In an
   action against a corporation to enforce an attorney's lien, ser-
   vice by mail of notice of the lien is not sufficient.

2. ———: ———: ———: ———: Estoppel. But in such ca⸱
   where the corporation through its proper officers and agents
   admits receiving the notice and enters into negotiations ꙝitʰ
   plaintiffs in consequence thereof it is estopped to deny the facᵗ
   of notice.

Appeal from the St. Louis City Circuit Court.—*Hon.
Virgil Rule,* Judge.

AFFIRMED.

*Boyle & Priest* and *Robert E. Moloney* for appel-
lant.

In the absence of any specific provision in the At-
torney's Lien Act (Acts 1901, page 46), as to the manner
of service of notice, the general provisions of the stat-
utes (Sec. 998, R. S. 1899, and sec. 995, as amended
by Act of March 23, 1903 [Acts 1903, p. 115]), require
personal service on the corporation in the manner point-
ed out.    This point is clearly decided in Dalton v. Rail-
way, 113 Mo. App. 71, and we respectfully submit that
the judgment in this case be unconditionally reversed.

*Abbott, Edwards & Wilson* for respondents.

STATEMENT.—That case was commenced before a
justice of the peace by the plaintiffs, a statement being
filed setting out substantially these facts: . Plaintiffs
are attorneys and counselors at law, practicing in the

city of St. Louis. Defendant is a corporation, operating a street railway. One Vincent Jankosky, while driving along the streets of the city of St. Louis, was struck and seriously injured by a car operated by defendant and died as the result of the injuries, leaving surviving him his widow Caroline. On the 13th of August, Mrs. Jankosky entered into a written contract with plaintiffs, employing them to represent her in the prosecution and collection of her claim by suit or otherwise, agreeing to pay them for their services, twenty per cent of the amount realized on any settlement before suit, or thirty per cent of any amount recovered by judgment or on settlement after suit brought. On the 14th of August plaintiffs served notice in writing on defendant, of their employment by Caroline Jankosky, advising defendant of the terms of the contract between her and plaintiffs. On the — day of September, 1907, the defendant and Caroline Jankosky, without the knowledge or consent of plaintiffs, compromised and adjusted the claim, the defendant paying Caroline Jankosky $600 in full settlement thereof. It is averred that Caroline is insolvent and that she fails and refuses to pay plaintiffs for their services, wherefore plaintiffs claim that defendant is indebted to them in the sum of $120, under and by virtue of sections 1 and 2 of an Act approved February 25, 1901, relating to liens of attorneys for their fees in cases of this kind, and to prevent frauds between attorneys, clients and defendants.

From a judgment by the justice in favor of plaintiffs, defendant appealed to the circuit court, where on a trial before the court, a jury having been waived, the case was submitted and tried on an agreed statement of facts. The agreed statement of facts, after setting out what the action is for, and the claim of plaintiffs to their lien under the Act of February 25th, and the defense of defendant (there being no answer filed), to the effect that defendant claims "that the plaintiffs have not brought themselves within the provisions of

the law, in that the plaintiffs failed to comply with the requirements of the law relating to the notice to be given to the defendant," sets out the foregoing agreement between plaintiffs and Caroline Jankosky, dated August 13, 1907. It is then stipulated as facts in the case and for the purposes of this trial, that on the 14th of August, 1907, plaintiffs addressed to the United Railways Company's claim department, St. Louis," a letter notifying defendant of their contract with Caroline Jankosky, the letter or notice closing with this sentence: "Mrs. Jankosky is not inclined to be unreasonable and we will be pleased to take this matter up with your Mr. Brady or any one else you may desire if you choose." This letter was sent through the mail as registered matter. The receipt of it was acknowledged August 15, 1907, on the ordinary post-office receipt blank used for receipt of registered letters, the receipt being signed "Chas. B. Hardin, By C. A." There was no statement as to who Hardin was, nor whose initials are attached to this. The agreed statement then proceeds:

"After the receipt of the said notice dated August 14th, 1907, by the defendant, Mr. Brady, one of the defendant's claim agents, duly authorized by the defendant herein and the same Mr. Brady mentioned in the said notice of August 14th, 1907, communicated with A. L. Abbott, one of the plaintiffs herein, and said that the notice dated August 14, 1907, had been delivered to him and he was desirous of taking up the matter of Mrs. Jankosky's claim with the plaintiffs, and then and there the said Mr. Brady offered to pay the sum of $550 in settlement of the said claim; that Mr. Abbott told Mr. Brady that the said offer so made by Mr. Brady was refused. Thereafter on the — day of September, 1907, and prior to the institution of this suit the defendant herein compromised and adjusted the claim of the said Caroline Jankosky by paying to her, without the knowledge or consent of the plaintiffs here-

in, the sum of $600 in full settlement of her claim against the defendant.

"The said Caroline Jankosky has failed to pay and still refuses to pay the plaintiffs herein the sum of $120, which sum the plaintiffs were entitled to receive from her under the contract before mentioned, dated August 13, 1907."

There was no testimony in the case, outside of this stipulation.  The court found for plaintiffs and assessed their damages at $123.60, that being twenty per cent of the $600, with interest on it at 6 per cent from November 6, 1907.

Motions for new trial and in arrest were duly filed, the main points being that the evidence, under the agreed statement of facts and under the pleadings, is insufficient to support the judgment; that the agreed statement is insufficient to support the allegations of the pleadings and that the verdict and judgment are not responsive to the issues made by the pleadings. These motions being overruled and exceptions duly saved, the case is here in due form on appeal by defendant.

REYNOLDS, P. J. (after stating the facts).—The counsel for defendant submits the case to us upon one single proposition, supported by the citation of one authority.  That proposition is, that in the absence of any specific provision in the attorneys' lien act, Act of February 25, 1901, Acts of 1901, p. 46, as to the manner of service of notice, the general provisions of the statutes (section 998, R. S. 1899, and section 995, R. S. 1899, as amended by Act of March 23, 1903 [Acts 1903, p. 115]) require personal service on the corporation in the manner pointed out by those statutes.  It is then claimed that this point is clearly decided in favor of the contention of defendant, by the decision of this court, in Dalton v. Railroad, 113 Mo. App. 71, and, on the strength of this decision, counsel for defendant sub-

mit that the judgment in the case should be reversed. On the other hand, while practically admitting that the service of the notice is not in compliance with the law, counsel for plaintiffs insist that the defendant, by acting under the notice, and sending "Mr. Brady, one of defendant's claim agents, duly authorized by the defendant herein, and the same Mr. Brady mentioned in the said notice of August 14, 1907," as it is set out in the stipulation was done, and Mr. Brady, also as is set out in the stipulation, "communicated with A. L. Abbott, one of the plaintiffs herein, and said that the notice dated August 14, 1907, had been delivered to him and he was desirous of taking up the matter of Mrs. Jankosky's claim with the plaintiffs, and then and there the said Mr. Brady offered to pay the sum of $550 in settlement of the said claim; that Mr. Abbott told Mr. Brady that the said offer so made by Mr. Brady was refused," had estopped itself from claiming want of notice and had waived any defect in the service thereof; that by taking up the matter of settlement with plaintiffs evidently under the notice that had been sent, it cannot now complain of the manner of service or of lack of proper service of notice of the claim.

Referring to the case of Dalton v. Railroad, supra, it is distinctly held, many authorities being cited in support of the proposition, that service by mail is not good service, and that when the statute provides for service of notice, the service must be as provided by statute, and as set out in the sections relating thereto and heretofore cited, and that the service on the corporation of a notice can only be as provided by statute, and on the proper officer or the person in charge of the office of the defendant corporation. No act of defendant, recognizing receipt of notice was in evidence. That this notice in this case was not served as required by law does not admit of controversy. That notice must also be served on the officer or agent designated by law, has been decided. Thus in the case of Young v. Ren-

shaw, 102 Mo. App. 173, it is said, at page 183: "The notice, we think, is sufficient in form and substance, but its service on . . . the attorney of defendants, was not a compliance with the statute, which expressly requires that the notice shall be served on the defendant or proposed defendant." That is a case between private parties, a case which arose under the provision of the law giving attorneys a lien on claims placed in their hands for collection. There was no proof of service on the party himself nor proof that he knew of or acted on the notice. It has also been held that the right to impose the lien upon the defendant dates from the time of the service of the notice. [Curtis v. Met. Street Ry. Co., 118 Mo. App. 341, 1. c. 350; Yonge v. St. Louis Transit Co., 109 Mo. App. 235, 1. c. 243 and 245.]

Conceding these propositions as not open to debate, the question here for our determination is whether defendant had actual notice of the claim. Admitting that the notice was not served on the defendant, as required by law, it seems to us that the object of the statute is accomplished, when the fact of actual notice in writing can be clearly proven. As has been said by Judge BIGGS in the case of Holschen Coal Co. v. Railroad, 48 Mo. App. 578, at page 581, "If the only object of a notice is to notify, then we are of the opinion that the notice, the service of which was acknowledged by . . . the plaintiff's president, was sufficient to notify him that the judgment rendered against the defendant by the justice . . . and in favor of the plaintiff, had been appealed to the circuit court." This was in a case in which it was jurisdictional that notice of the appeal should have been given. In the case at bar, it seems to us that the facts set out in the agreed statement conclusively show that this written notice was received before the settlement was made. It is set out in the agreed statement as follows: "After the receipt of the said notice, dated August 14th, 1907, by

the defendant, Mr. Brady, one of the defendant's claim agents, duly authorized by the defendant herein   .   .   . communicated with   .   .   .   one of the plaintiffs herein, and said that the notice, dated August 14th, 1907, had been delivered to him." It appears affirmatively, by the agreed statement, that it was after this, some time in September, 1907, and prior to the institution of the present suit, that the defendant made the compromise with Mrs. Jankosky, by which they paid her $600. In view of these facts, agreed to in the statement, on which the case was tried, we have reached the same conclusion, evidently reached by the trial court, that although the notice was not served in the manner required by law, the acts of the defendant show conclusively actual receipt of it by defendant before settlement, actual receipt of notice in writing, as it must be, of the contract between plaintiffs and their client, and that acting on the information solely given by the written notice, that plaintiffs represented Mrs. Jankosky, for other than by this notice there is no fact in evidence to show that defendant knew that plaintiffs were the representatives of Mrs. Jankosky, defendant, on that information, opened up negotiations with a member of that firm for the settlement of the case. No suit had been brought, so that it cannot be said defendant knew the plaintiffs as attorneys of record. In our opinion this was such an act as waived the defect of service of the notice, and estops the defendant from now claiming that it had no notice and that it had made the compromise and the payment without knowledge or notice of the claim of plaintiff.

The judgment is affirmed. All concur.