LAURA M. HURR et al., Petitioners, Respondents, v. METROPOLITAN STREET RAILWAY COMPANY, Appellant.

Kansas City Court of Appeals, January 24, 1910.

1. ATTORNEY'S LIEN: Settlement Between Plaintiff and Defendant: Amount Due Attorney. Where a judgment for $900 is settled between plaintiff and defendant without fraud and the written release provides that the sole consideration therefor is $400, an attorney having a contingent fee of fifty per cent is entitled to $200.

2. ———: ———: Client's Right to Compromise: Client's Settlement Liquidates Amount of Attorney's Fees. An attorney cannot question the right of his client to settle the client's case and he is bound by the client's contract of settlement, and the client's settlement liquidates the amount of the attorney's fees.

3. ———: ———: Payment to Client Does not Relieve Defendant of Attorney's Claim. In paying all the settlement money over to plaintiff defendant cannot escape liability on account of lien.

4. EVIDENCE: Written Contracts: Parol Evidence. Oral evidence is wholly incompetent to vary the terms of a written contract.

Appeal from Jackson Circuit Court.—*Hon. H. L. McCune*, Judge.

REVERSED AND REMANDED (*with directions*).

*John H. Lucas, F. G. Johnson* and *Chas. N. Sadler* for appellant.

(1) The attorney's lien law of 1901 does not vest any right of property in the attorneys for plaintiff, but gives them a lien for the purpose of security only, hence plaintiff has an absolute right to settle her cause of action without the consent of her attorneys. Laws 1901, p. 46; O'Connor v. Transit Co., 198 Mo. 641. (2) If Rieger and Carmean are entitled to recover at all in this proceeding they cannot recover over $200. Laws 1901, p. 46; O'Connor v. Transit Co., 198 Mo. 641; Curtis v. Railroad, 118 Mo. App. 352; Taylor v. Transit Co., 198 Mo. 715; Boyle v. Railroad, 134 Mo. App. 71; Boyd v. Mercantile Co., 135 Mo. App. 115; Abbott v. Railroad, 119 S. W. 964. (3) In the absence of mistake or fraud, parol evidence is not admissible to vary, add to, or in any way change the terms of a written contract. Tate v. Railroad, 131 Mo. App. 105; Jackson v. Railroad, 54 Mo. App. 637; Monson v. Ray, 123 Mo. App. 8; Lewis v. Muse, 195 Mo. 199; Catalogue Co. v. Gas & Gasoline Engine Co., 130 Mo. App. 650; Sims v. Railroad, 102 Mo. App. 34; Construction Co. v. Hayes, 191 Mo. 248.

*James C. Reiger, Samuel M. Carmen* and *Jas. W. Garner* for respondents.

(1) Appellant insists that plaintiff had an absolute right to settle her cause of action without the consent of her attorneys and cite authorities to that effect. This is a proposition that we have all along conceded, in so far as her interest therein was concernen, but even in making such settlement the authorities cited by appellant clearly establish the fact that in making the settlement she could in no wise dispose of the lien the attorneys had on the judgment for their fees, and the plaintiff by attempting to satisfy the judgment in no way could bar them of their right given them by

the Attorneys Lien Law. (2) Conceding as we do, that plaintiff had the right to settle her cause of action or the judgment rendered thereon, in so far as she was concerned, and the Attorneys Lien Law (Session Acts, 1901) in express terms giving attorneys a lien on the cause of action which attaches to the judgment rendered therein, and there being no controversy as to the amount paid to plaintiff by defendant in settlement, then, in so far as we are able to see, there remains but the one proposition to be determined in this case: What amount are plaintiff's attorneys entitled to under the settlement by virtue of their lien? (3) Finally, attorneys for appellant say the judgment should be reversed because S. M. Carmean did not appear to have any interest in the contract, although Mr. Carmean's name is signed to the petition and he participated in the trials in plaintiff's behalf, and if appellant's contention were undenied it is in no way prejudicial, as his participation in the proceeds in no way affects the amount it is bound to pay. Were this error, it is non-prejudicial and the courts of last resort of this State have uniformly held that a judgment right in other respects will not be disturbed for a non-prejudicial error. McGuire v. Nugent, 102 Mo. 161; Boggess v. Railroad, 118 Mo. 328; Harriss v. Powell, 56 Mo. App. 24. (4) But if this is error appellant cannot be heard to complain at this late day, as these questions cannot be raised for the first time in the appellate court; their failure to take advantage of it in the lower court precludes them from doing so in this court. Errors committed at the trial must be called to the attention of the trial court in the motion for a new trial, or they will not be noticed in the appellate court. Griffin v. Regan, 79 Mo. 73; Atkinson v. Dixon, 96 Mo. 582; Hanks v. Railroad, 60 Mo. App. 274; Bartlett v. Veach, 128 Mo. 91.

JOHNSON, J.—This is a proceeding to enforce an attorney's lien for unpaid fees. The petitioners, Rieger and Carmean, were employed by plaintiff, Laura M. Hurr, to prosecute an action in tort against the defendant railway company. They took the case on a contingent fee of fifty per cent, brought suit and prosecuted it in the circuit court. A trial resulted in a verdict and judgment for plaintiff in the sum of $900, and defendant appealed to this court. While the cause was pending on appeal, the parties, without the knowledge or consent of the petitioners, compromised and settled the judgment for $400, and pursuant to agreement, the appeal was dismissed. Afterward, the attorneys filed their petition to establish and foreclose their lien.

The settlement contract was reduced to writing and signed by the parties. It is as follows: "Know all men by these presents, that we, Laura M. Hurr and Ellis Hurr, her husband, of Kansas City, Missouri, for the sole consideration of the sum of Four Hundred and 0-100 dollars to us paid by the Metropolitan Street Railway Company, the receipt of which is hereby acknowledged, do hereby release and forever discharge said Metropolitan Street Railway Company, its successors and assigns, from all actions, causes of actions, suits, controversies, claims and demands whatsoever for or on account of injuries received to the person or damages caused to the property of the signer hereof, or either of them, and especially on or about the 23d day of July, 1904, on the Fifteenth street line near Fifteenth and Woodland ave., in Kansas City, Mo.; and being especially in full satisfaction and settlement of the judgment rendered in the case of Laura M. Hurr v. Metropolitan Street Ry. Co., No. 20579, on January 17, 1906, in the circuit court of Jackson county, Missouri, the general description herein, however, to control the specific one, and all other claims on the part of either of the parties hereto of whatsoever nature or description.

"It is expressly understood and agreed that said

sum of Four Hundred and 0-100 dollars is the sole consideration of this release, and the consideration stated herein is contractual, and not a mere recital; and all agreements and understandings between the parties are embodied and expressed herein."

The court found the issues for the petitioners and fixed the amount of their lien at $400.

It is not claimed that this compromise was tainted with any kind of fraud. By the express terms of the written contract, the consideration of $400 paid to plaintiff is made to release and satisfy the entire cause of action and is agreed to be contractual. Certainly plaintiffs will not be heard to attack or in any manner to impugn this contract. [Tate v. Railway, 131 Mo. App. 107.] And in the absence of fraud, the attorneys of plaintiff have no higher or better rights than their client and are bound by her contract of settlement to the same extent as she is bound.

In the case of Curtis v. Railway, 118 Mo. App. 341, much relied on by the petitioners, the compromise agreement contained no stipulation making the consideration paid the plaintiff contractual, and the proof showed the defendant agreed, in addition to the sum paid the plaintiff to pay her attorney's fees. We held that the whole proceeds of the settlement consisted not alone of the sum paid the plaintiff, but of that sum plus an equal amount due her attorneys under the terms of her contract with them. In the present case, not only does the written contract speak in the most positive terms of the sum paid plaintiff in compromise as the sole consideration for the full release of the entire cause of action, but there is nothing in the oral evidence to contradict this contract—if it were permissible to contradict it. Plaintiff, introduced as a witness by the petitioners, would not say defendant agreed to pay her lawyers. She went no further than to say that defendant's agents told her that her lawyers had a lien for their fee. We hold, however, that oral testimony is

wholly incompetent to contradict or vary the terms of the written contract which, as we have stated, treats the consideration as a contractual subject and not a mere recital.

Recent decisions in this State construing the Attorney's Lien Law, with one accord, hold that the client, as long as he acts in good faith, without intent to defraud his lawyers, has the right to compromise and settle his cause of action with or without the consent of his lawyers, and the amount of their fees will be liquidated by such settlement. [Laws 1901, p. 46; O'Connor v. Transit Co., 198 Mo. l. c. 641; Curtis v. Railway, 118 Mo. App. l. c. 352; Taylor v. Transit Co., 198 Mo. 715; Boyle v. Railroad, 134 Mo. App. 71; Boyd v. Mercantile Co., 135 Mo. App. 115; Abbott et al. v. Railway, 138 Mo. App. 530; Wait v. Railroad, 204 Mo. 503; Yonge v. Transit Co., 109 Mo. App. 235.]

The contract of the petitioners with plaintiff, their client, entitled them to fifty per cent of the proceeds of her settlement with defendant. The entire proceeds consisted of the sum of $400 paid plaintiff, and the lawyers were entitled to receive $200 from their client as their share of the proceeds. In paying all the settlement money over to plaintiff, defendant did not and could not escape liability on account of the lien. The learned trial judge erred in fixing the amount of the lien at $400, and the judgment is reversed and the cause remanded with directions to enter judgment for the petitioners for the foreclosure of their lien in the sum of $200. All concur.