LILY B. WHITECOTTON, Administratrix, v. ST. LOUIS & HANNIBAL RAILWAY COMPANY, Appellant.

**Division One, May 31, 1913.**

1. **ATTORNEY'S LIEN ACT.** The constitutionality of the Attorney's Lien Act is no longer an open question, its validity having been determined in numerous decisions.

2. ————: **Sum Recoverable.** Where the attorney's written contract with his client was that he was to receive one half the sum collected, and after suit brought the defendant settled with the client for $400, the trial court erred in entering judgment for $400 for the attorney's administratrix on the theory that the true compromise sum was $800, and that defendant had paid over to the client her $400 and held back the attorney's half. The Attorney's Lien Act does not take away from the client the right of making a settlement of the lawsuit and giving an acquittance, subject to his attorney's right to the value of his lien; it merely protects the non-consenting attorney against ultimate loss by the deforcement of his statutory lien to the extent of the value thereof. So that where a settlement is made by the client prior to final judgment, which is not affirmatively shown to have been covinously intended as a fraud on the attorney, which covers the litigant's whole claim or cause of action, and which does not show that the client had only settled and received his own part, the measure of the attorney's recovery against the settling defendant is the attorney's contractual percentage of the compromise sum received by the litigant.

3. ————: ————: **Deduction of Costs.** In arriving at the sum to be paid the attorney, the costs of the compromised litigation should not be deducted from the gross sum paid the client. The attorney's share is his contractual percentage of that gross sum.

Appeal from Hannibal Court of Common Pleas.— *Hon. David H. Eby*, Judge.

REVERSED AND REMANDED (*with directions*).

*Mahan, Smith & Mahan* and *Hostetter & Haley* for appellant.

(1) The court erred in finding for the plaintiff in the sum of $400. Hurr v. Railroad, 141 Mo. App. 217; Stevens .v. Railroad, 157 Mo. App. 656. Assuming that the authorities bear out the contention that the bringing of a suit and service of process on a defendant dispenses with the service of a notice by the plaintiff's attorney that he has a lien on his client's cause of action, yet it must be conceded that there is nothing which would impart notice to the defendant of the aliquot part of the client's recovery the attorney would be entitled to under his contract. (2) In the case at bar Mrs. McCune, the client, received from the defendant $400 less $75 costs, so that her recovery from the company was in reality $325 instead of $400. It would be grossly inequitable in any event to award an attorney working on a fifty per cent basis, the full gross amount realized by the client, without taking into consideration the burden incident to the recovery. The attorney must share the burdens incident to the recovery. In the case at bar he is getting more than his client. (3) The decisions which seem to bear out the contention that the attorney under a fifty per cent contract is entitled to recover as much as the settlement yields to the client, predicate such holding on the existence of an agreement between the defendant and the client who makes the compromise, that the defendant would pay off and discharge the attorney's fees. Under the agreed statement of facts no such agreement either express or implied was entered into between the defendant and Mrs. McCune.

*Whitecotton & Wight* for respondent.

Under the contract in this case the respondent was entitled to recover the sum of four hundred dollars,

250 Mo.—40

under the authority of the admitted facts in this case and the case of Curtis v. Railroad, 118 Mo. App. 341. Under the stipulation to dismiss the pending suit there was no agreement as to the payment of the costs of the case. The amount paid Mrs. McCune under the agreed statement of facts, was understood by the parties making the settlement, to be her personal and individual property, not in any way impressed with her attorney's lien for his fee. If this be true, this sum so paid did not include the percentage compensation due and owing her attorney under this contract. Mr. Whitecotton was, under his contract, to have an equal amount to that received by Mrs. McCune, his client, and this the defendant company well knew when it made the settlement. The agreed statement of facts filed in this case admits that Mrs. McCune received said sum of four hundred dollars from the appellant as her own individual share of the proceeds of the suit, and it was intended by the parties making the settlement, that the proceeds of the four hundred dollars should in no way be affected or diminished by any claim or lien of her attorney. In order for the settlement to be valid against her attorney, the same must have been made by the parties without any intention of a repudiation of her attorney's lien on the sum paid. The facts in this case clearly show that there was no intention to impress said sum with any lien of her attorney in any way, and therefore was paid and accepted as her absolute interest in said cause of action, and this being so the parties fixed the amount due and owing by appellant to her attorney at the sum of four hundred dollars. Curtis v. Railroad, 125 Mo. App. 369.

LAMM, J.—Plaintiff, administratrix of her deceased husband, George W. Whitecotton, sued defendant to recover $400 under the Attorneys' Lien Act.

The case is this: One McCune, a woman, employed decedent, an attorney, to collect damages for

Whitecotton v. Railroad.

personal injuries claimed to have been received by her while a passenger on one of defendant's trains. The terms of the agreement were that he had full charge of the claim and of its compromise, prosecution or settlement by suit or otherwise, on a contingent fee of one-half collected, and no compromise, settlement or other disposition was to be made except through his supervision or agency and by his consent and agreement.

Presently, failing to obtain settlement out of court, decedent brought suit for McCune, laying her damages at $6000. After petition filed and service of process, McCune and defendant put their heads together, and, without consulting decedent or obtaining any release from him, settled the claim and suit, dismissing the latter by stipulation signed by them, for the agreed compromise sum of $400. The compromise settlement was a writing, reading:

St. Louis & Hannibal Railway Co.,
            To Lula J. McCune, Hannibal, Mo., Dr.
    March 20, 1905.
        For and in consideration of the sum of four hundred dollars to me in hand paid and receipt of which is hereby acknowledged this 20th day of March, A. D. 1905, I, Lula J. McCune, release and discharge the St. Louis & Hannibal Railway Company from all claims and damages which I may have, or may be entitled to have, against the aforesaid railway company, for any and all loss, damage or right of action which has resulted or accrued, or which may hereafter result or accrue to me by reason of injury to myself on March 25, 1903, at Center, Missouri, while a passenger on a train of the above railway company, and for which claim and injury I now have a suit against the St. Louis & Hannibal Railway Company pending in the circuit court of Ralls county, Missouri. It is further agreed that my said suit shall be dismissed at the next term of said court, and I hereby authorize the said railway company to have such entry of dismissal properly made.
        Correct, and when properly receipted, Bank of Hannibal is hereby authorized to pay and charge to account of the St. Louis & Hannibal Railway Co.
    Approved:                          J. M. WORLAND, Auditor.
    Paid out of Auditor's funds.       Signature of claimant,
                                            LULA J. McCUNE.

No notice in writing of the McCune-Whitecotton contract was served on defendant at any time as provided by Revised Statutes, 1909, section 965. But defendant did have the notice implied by the bringing of the suit and service of summons, decedent appearing as attorney of record, under section 964.

(*Note*: It is not contended, nor could it be under such circumstances, that the Attorneys' Lien Act was not operative in favor of decedent. Taylor v. Transit Co., infra, 198 Mo. 715.)

Defendant, by answer and instructions in the instant case, challenged the constitutionality of the Attorneys' Lien Act in a bristling array of particulars. So, in one refused instruction it asked the court to declare the law as follows:

"The court declares the law to be that under the pleadings and agreed statement of facts, plaintiff is not entitled to recover an amount in excess of $200."

The cause was tried on an agreed statement of facts, the substance of which (except as to a provision relating to the payment of costs in the original suit, of which more presently) we have given.

The court, sitting as a jury, found for plaintiff in the sum of $400 and rendered judgment therefor—that is, the court indulged the theory that in fact the true compromise sum was $800, and that defendant had paid over to McCune her $400 and held back decedent's half.

On due steps taken, defendant appealed. Thereat the trial court ordered the appeal sent to the St. Louis Court of Appeals. That court on motion transferred it here. And here it is.

The foregoing is sufficient statement for appellate purposes.

I. The constitutionality of the Attorneys' Lien Act on grounds presented *nisi* (which for brevity we omit) is not a new or an open question;

Attorney's
Lien Act:
Constitutional.
*contra,* it has passed into the realm of a thing adjudged. [O'Connor v. Transit Co., 198 Mo. 622; Taylor v. Transit Co., 198 Mo. 715; Wait v. Railroad, 204 Mo. 491; Taylor v. Railroad, 207 Mo. 495.]

Indeed·appellant's counsel frankly concede in substance that, like the bumble bee, their defense on constitutional phases was biggest when first hatched; that, to change the metaphor, the life is out of their constitutional points. Accordingly in their last brief they no longer ask us to reopen those foreclosed questions, but impliedly agree that the maxim *stare decisis* applies. Accordingly we pass those questions by.

This disposition of them would put a question mark on our jurisdiction, if it were not that appellant seems to justify jurisdiction (and respondent seems silently to agree thereto) on the ground that the interpretation of the Attorneys' Lien Act, from certain constitutional angles, remained somewhat open at the time of the appeal. In that view of it, and because the St. Louis Court of Appeals certified the case to this court for that, in its opinion, constitutional questions were in it, we retain jurisdiction—whether *ex gratia* or *ex debito justitiae,* we say not.

II. We hold that defendant's instruction limiting recovery to not more than $200 should have been given, hence the judgment for $400 must be reversed —because:

' To avoid an improper interference with freedom of contract, it has been uniformly held that the Attorneys' Lien Act does not take away from

Attorney's
Lien:
Amount
of Recovery.
a client the right of making an adjustment and giving an acquittance, subject to his attorney's right to the value of his lien. A litigant under that act may still, as before, heed the scriptural admonition, Agree with thine adversary quickly whilst thou art in the way with

him, and thus by compromise avoid or discount certain *uncertainties* (and other ills) of litigation. Not only does every scheme of law in every refined nation favor settlements of disputes, but the very adages of the fireside run on all-fours, to-wit (for example): A lean compromise is better than a fat lawsuit; Fond of lawsuits, little wealth—fond of doctors, little health; He who is fond of maintaining an action will soon be without means of maintaining himself. So, I remember. to have read somewhere in an idle moment that old Plautus said: Little do you know what a gloriously uncertain thing the law is; and again: You little know what a ticklish thing it is to go to law.

But (and much closer home) the act merely protects the non-consenting attorney against ultimate loss by the deforcement through such settlement of his statutory lien (his security, or right in the cause of action) to the extent of the value thereof. [Taylor v. Transit Co., 198 Mo. l. c. 730; and cases supra.]

Courts, however astute and liberal in allowing remedies and in enforcing the act to its full intendment in advoidance of mischiefs it was intended to prevent. have been constrained to rule that, present a settlement prior to final judgment (which is not affirmatively shown by the proofs to be convinously intended as a fraud on the attorney) which settlement covers and disposes of the litigant's *whole claim* or cause of action (and which does not show that the client had only settled and received his own part of the claim, leaving the attorney's part back, buttoned up in the unfriendly pockets of defendant)—we say, absent a showing of such particular kind of fraud or partial settlement, as here, and present a complete and undisturbed settlement between the client and his adversary of the whole claim, as here, then the measure of the attorney's recovery against the settling defendant is the attorney's contractual percentage of the compromise sum actually received by the litigant—no more

and no less. [Hurr v. Railroad, 141 Mo. App. 217; Stephens v. Railroad, 157 Mo. App. 656; Curtis v. Railroad, 125 Mo. App. 369; Wait v. Railroad, 204 Mo. 491; Boyd v. Mercantile Co., 135 Mo. App. 115.]

On re-examination, we find the reasoning of those cases to be satisfactory. The rule laid down works out practical justice, and but follows cases in New York from whence in great part we borrowed the act. [Morton v. Forsee, 249 Mo. 409.]

On the authority of the cases cited, supra, this judgment must be reversed and the cause remanded with directions to the lower court to enter judgment for plaintiff in the sum of $200.

We see no substance in appellant's contention that there should be first taken from the gross compromise sum of $400 the costs of the original litigation before getting at the attorney's share by dividing by two. Should the value of the attorney's lien take color or be in aught abated because of the after *uses* his client put her money to? If so, wherefore? Or because the settling defendant paid costs? That would be a novelty of small value in administering the law. Besides that, decedent and McCune did not so agree. *Non haec in foedera veni.* Indeed defendant's learned counsel had little faith in that theory when they asked the quoted instruction. Their theory then apparently was that their client owed decedent fifty per cent of the $400 paid McCune, if any thing.

Let the judgment be reversed and the cause remanded to be disposed of as directed. It is so ordered. All concur.