Thomas F. Foy, Plaintiff. Robert L. Stephens, Intervening Petitioner, Appellant, v. India Rubber Tire Company, Appellee.

## Gen. No. 23,520.

1. ATTORNEY AND CLIENT, § 146*—*what is effect of settlement on amount lien attaches to.* The lien of an attorney, under the Attorney's Lien Act (J. & A. ¶ 611, Hurd's Rev. St. ch. 82, ¶ 55), attaches only to the amount paid under a direct settlement with the client and not to the amount of the judgment recovered, where pending an appeal by defendant a settlement was effected directly with the client and without the knowledge or consent of the attorney.

2. ATTORNEY AND CLIENT, § 146*—*what is right of client as to settling claim.* The Attorney's Lien Act does not deprive the ·client of the right to settle his claim at any stage of the proceedings, even after an appeal has been taken.

Appeal from the Superior Court of Cook county; the Hon. JOHN J. SULLIVAN, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1917. Affirmed. Opinion filed May 14, 1918.

ROBERT L. STEPHENS, for appellant.

JOHN A. BLOOMINGSTON, for appellee.

MR. PRESIDING JUSTICE BARNES delivered the opinion of the court.

Appellant Stephens filed an intervening petition in this cause to enforce a lien for his agreed fee under the Attorney's Lien Act (Hurd's Rev. St. ch. 82, par. 55, J. & A. ¶ 611).

The undisputed facts stated chronologically are as follows:

Plaintiff Foy hired Stephens, appellant, as attorney to prosecute this cause and agreed to pay him

*See Illinois·Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

"forty per cent (40%) of all money received or re-covered," either by suit or settlement without suit. Thereupon appellant served the defendant company, appellee herein, with the notice required by the act, started this suit, and obtained a judgment for plaintiff for $1,500, from which defendant company appealed to this court. While the appeal was pending plaintiff Foy, without the knowledge or consent of appellant, settled with the company for $500, agreeing to vacate and satisfy said judgment. Thereupon defendant company offered petitioner $200, 40 per cent. of the amount so recovered by settlement, as his fee, which he declined, claiming he was entitled to 40 per cent of the amount of the judgment, viz., $600. The company then abandoning its appeal, petitioner procured its dismissal, obtained an order below reinstating the cause for further proceedings, and filed this interven-ing petition, claiming his lien attached to said judg-ment. From an order allowing him $200, with legal interest from the date of judgment, he has appealed.

The question raised and presented is whether his lien attached to the judgment or the money recovered on settlement.

It is conceded that had there been no appeal his lien would have attached to the judgment. The judg-ment, however, was not final pending the appeal, which was a continuation of the action, thus leaving the contingent fee unliquidated. But it became liquidated by the settlement, and the money paid thereunder was money "recovered" within the meaning of the statute, to which the lien then attached. (*Standidge v. Chicago Rys. Co.*, 254 Ill. 524.) The client still retained control of his case and had the right to make a settlement of his claim without the consent of his attorney, espe-cially where, as here, his good faith is not brought in question, and the lien law cannot and does not attempt to put any limitation on that right. (*Sutton v. Chi-cago Rys. Co.*, 258 Ill. 551.) Plaintiff was not com-

pelled to take his chances of reversal, and, exercising control of his own case, had the legal right to settle and adjust the cause of action while on appeal as well as at any other stage of the proceedings. The following authorities sustain these views: (*Peri v. New York Cent. & H. River R. Co.,* 152 N. Y. 521; *Andrewes v. Haas,* 214 N. Y. 255; *In re Snyder,* 190 N. Y. 66; *Platt v. Jerome,* 60 U. S. 384; *In re Salant,* 158 N. Y. App. Div. 697; *Curtis v. Metropolitan St. R. Co.,* 118 Mo. App. 341; *Stephens v. Metropolitan St. R. Co.,* 157 Mo. App. 656.) The judgment, therefore, not being final at the time of the settlement whereby the amount of the fee was liquidated, the lien did not attach to the judgment but to the money recovered, and the court's allowance was correct.

*Affirmed.*