EDWIN C. ORR, APPELLANT, v. MUTUAL BENEFIT HEALTH AND ACCIDENT ASSOCIATION, A CORPORATION, RESPONDENT—207 S. W. 2d 511.

Kansas City Court of Appeals. Opinion delivered December 1, 1947.

*Alexander, Ausmus & Harris,* for respondent.

238

*Wm. H. Becker* and *Wm. H. Norton* for appellant.

240

242

244

ON MOTION FOR REHEARING

DEW, J.—Appellant submits two points in his motion for rehearing. First, it is contended that we erroneously stated the law in holding that there could be no estoppel to deny the service of the statutory written notice of his lien based solely upon the acts of the debtor. It is claimed that such ruling is in conflict with Abbott v. United Rys. Co., 138 Mo. App. 530, 119 S. W. 964. In the present case not only was no written notice pleaded in plaintiff's petition, but it was specifically admitted therein that no such notice was given or attempted. This vital and essential element, admittedly lacking in plaintiff's claim for a lien under Section 13338, R. S. Mo., 1939, he seeks to supply negatively by merely alleging conduct on defendant's part which, it is claimed, estops it from denying that there was such notice. The actual fact remains, admittedly, that such written notice, indispensable under that section, was never given nor any attempt made to give it. Faced with this condition of the pleading, our opinion holds, in effect, that the element of written notice, positively required under the statute to give effect to the lien and liability, could not be supplied merely and only by the alleged estoppel of the proposed defendant to deny it, thus attempting to create a lien and liability in open disregard of the plain statutory requirement.

In the Abbott case, supra, the petition pleaded that the written notice was served. It was stipulated and the court found that a registered letter, setting forth the attorney's lien claimed, was mailed to the defendant corporation and receipted for by a claim agent referred to and named in the notice, and "after receipt of said notice by defendant" the agent thereupon communicated with the plaintiff regarding the subject matter and made an offer of settlement, and thereafter settled the claim directly with the client without suit. In the suit on the alleged lien it was contended by the defendant corporation that the manner of service of the written notice of lien should have been by serving one of its officers or other person in charge. The court held that the manner of service of the written notice on the corporation was not in compliance with the service statutes, but held that "admitting that the notice was not served on the defendant as required by law, it seems to us that the object of the law is accomplished when the *fact* of the actual *notice in writing* can be clearly proven. * * * In the case at bar it seems to us that the facts set out in the agreed statement conclusively show that this *written notice* was received before the settlement was made". (Italics supplied).

The case at hand is not in conflict with that case. Neither is the case in conflict with Rhodus v. Geatley, 347 Mo. 397, 147 S. W. 2d 637, recognizing estoppel of one party who has made misrepresenta-

tions to an adverse party, to the latter's loss and disadvantage. No such claim is here pleaded as between the plaintiff and the present defendant.

Secondly, it is urged that we are in error wherein our opinion holds that defendant is not liable, under the petition, for fraudulently procuring a breach of Bradley's contract to pay plaintiff's fees. It is urged that defendant did not have an absolute right, by means of misrepresentations of the plaintiff's interest, to settle the case directly with Bradley. It is said that our opinion conflicts with Carter v. Oster, 134 Mo. App. 146, 112 S. W. 795, 799. Certainly if Bradley had the right to settle the case directly with this defendant, which we held he did, then the defendant could not, even if the present petition presented such a theory, be liable to plaintiff for inducing Bradley to do what he had a right to do. Defendant did not induce Bradley to agree, nor did Bradley agree, not to pay plaintiff his fees. On the contrary, defendant exacted from Bradley a clause indemnifying defendant from the claim of plaintiff or any other attorney for fees in the matter. The failure of Bradley later to pay plaintiff his fees was not, under the allegations of the petition, caused by any illegal act on defendant's part. The gist of the case of Carter v. Oster, supra, was stated by the Supreme Court, citing it in Ackerman v. Thompson, 202 S. W. 2d 797, as follows: "maliciously keeping a man out of employment by wrongfully refusing him membership in a labor union". The cases are too dissimilar in fact and character to conflict.

We believe our opinion correctly states the law. Motion for rehearing is overruled. Bland, J. concurs. Cave, P. J. not participating.