Elwyn L. CADY, Jr., Appellant,

v.

**HARTFORD ACCIDENT AND INDEMNITY COMPANY, a Corporation, Respondent.**

No. 54106.

Supreme Court of Missouri,
Division No. 2.

April 14, 1969.

Elwyn L. Cady, Jr., Independence, pro se.

Parks G. Carpenter and Moser, Marsalek, Carpenter, Cleary & Jaeckel, St. Louis, for respondent.

STOCKARD, Commissioner.

Plaintiff has appealed from a judgment dismissing his second amended petition wherein he sought actual and punitive damages in the amount of $20,000. We shall summarize the allegations of the petition except in those instances where quotation of the allegations is believed appropriate, and we shall insert in brackets certain answers to interrogatories made by plaintiff and placed in the transcript by agreement of the parties.

On September 13, 1956 plaintiff's automobile was involved in a collision in Kansas City, Missouri, with an automobile "operated by one Wesselman" (presumably insured by defendant) by reason of Wesselman's negligence, and plaintiff's automobile was damaged "in the sum of $1,000." Thereafter, plaintiff entered into "a valid contract" [with Kincaid-Webber Motor Company] for "full repair of all damage proximately caused by the collision," but in "wanton, reckless and heedless disregard for the rights of plaintiff, and for his safety of life and limb, defendant proceeded to interfere with the above-mentioned contract of repair by directing its employee [Timothy D. O'Leary] to make contact with the party obligated to make repair under the said contract and influence said party or parties to perform less than a full and complete repair of said automobile." ["The principal defect in repair involved the right front end in which less than a first-class repair was made, involving second-rate materials and insufficient testing of the structure thereof; a proper repair of that particular portion of the auto would embrace structurally sound parts and appropriate testing thereof."]. In this manner defendant "procured and prevailed upon the party or parties performing repair under the said contract to accomplish less than a complete and safe repair of said automobile."

["Mr. O'Leary secured an estimate of repair from Kincaid-Webber, total $359.23. He then 'had the Auto Damage Appraisers go out on this case, and they got an agreed price with the Kincaid-Webber Motor Company in the amount of $297.40 for repairs'"]. This was done "in a planned and deliberate effort with that legal malice of a wrongful action intentionally done to profit by a reduction of repair costs for damage sustained in the collision set out above for which defendant was likely to be responsible in law." As a proximate result of "such inadequate repair of such automobile caused by defendant" plaintiff "was placed in a position of danger, fear, and apprehension for his safety, in that suddenly and without warning, while plaintiff was driving said automobile on a pub-

lic street in the City of Austin, Texas, the right front repaired side of the vehicle collapsed." Plaintiff sought "$10,000 compensatory damages and $10,000 punitive damages, and costs."

In determining the sufficiency of the petition to state a claim upon which relief can be granted, the averments are to be given a liberal construction and the petition accorded those reasonable inferences fairly indulged from the facts stated. Zuber v. Clarkson Const. Co., 363 Mo. 352, 251 S.W.2d 52, 54; Royster v. Baker, Mo., 365 S.W.2d 496. However, Civil Rule 55.06, V.A.M.R., provides that a pleading which purports to set forth a claim for relief shall contain "a short and plain statement of the *facts* showing that the pleader is entitled to relief." (Emphasis added). Where a petition is attacked for failure to state a claim the conclusions of the pleader are not admitted. Tolliver v. Standard Oil Company, Mo., 431 S.W.2d 159.

Plaintiff has attempted to allege a cause of action for wrongful interference by defendant with a contract between plaintiff and Kincaid-Webber Motor Company for the repair of plaintiff's automobile. It appears that plaintiff has studiously avoided alleging specifically the relation of defendant to Wesselman, and he does not allege that defendant was a stranger to the incident giving rise to his claim. However, from the allegations pertaining to Wesselman's negligence and to defendant's intention to profit by a reduction of repair costs for which defendant was likely to be responsible, it is a fair and reasonable inference that defendant was the public liability insurance carrier for Wesselman. What then were the essential allegations necessary to state a claim?

In Downey v. United Weather Proofing, Inc., 363 Mo. 852, 253 S.W.2d 976, this court recognized that "one who maliciously or without justifiable cause induces a person to breach his contract with another may be held responsible to the latter for the damages resulting from such breach." It was further held that allegations of the use of fraud, deceit or coercion as a means of inducing a breach of an existing contract are not essential, but that it is sufficient to allege facts which when accepted as true demonstrate that the defendant "maliciously, that is, with knowledge of the contract and without justifiable cause, induced the breach." The absence of justification is an essential element of the claim.

Plaintiff alleged, though somewhat inartfully, that an oral contract had been entered into between him and Kincaid-Webber Motor Company for "full repair of all damage" to his automobile caused by a collision which resulted from Wesselman's negligence, and that defendant "was likely" to be responsible for paying the repair bill under that contract. In this manner it is affirmatively alleged that defendant had in fact an interest in the contract. Therefore, any interference by it would not necessarily be wrongful, but in order to state a cause of action, it is necessary that facts be alleged from which it could be found that the interference was not justified. As to interference, the allegation is that defendant "directed" its employee to influence Kincaid-Webber Motor Company to "perform less than a full and complete repair" of plaintiff's automobile. This is a conclusion without supporting facts. In the answer to an interrogatory plaintiff stated that the failure of repair consisted of "less than a first-class repair" "involving second-rate materials and insufficient testing." This also is a conclusion, and there are no facts which resulted in the pleader's conclusions that "second-rate materials and insufficient testing" were involved. Also, the allegation that defendant's employee had the "Auto Damage Appraisers" obtain an "agreed price" from Kincaid-Webber Motor Company of an amount less than a previously obtained estimate does not authorize a finding of any unjustified interference on the part of defendant.

"Mere conclusions of the pleader not supported by the factual allegations

cannot be taken as true and must be disregarded in determining whether a petition states a claim on which relief can be granted." Tolliver v. Standard Oil Company, supra, 431 S.W.2d at p. 162; Miller v. Ste. Genevieve County, Mo., 358 S.W.2d 28, 30. When considered according to the above rules, plaintiff does not allege *facts* from which it could be found that defendant, who had an interest in the contract, maliciously interfered, that is, interfered without justification with the contract between plaintiff and Kincaid-Webber Motor Company.

We necessarily conclude that plaintiff's petition does not state a claim upon which relief may be granted. Compare Tolliver v. Standard Oil Company, Mo., supra.

■ This brings us to the contention of plaintiff that the trial court dismissed the petition without granting leave to amend. The alleged interference on the part of defendant occurred in 1956. The transcript does not show when the original petition was filed, but on July 22, 1964, plaintiff filed his *second* amended petition, the one now before us for consideration. From this we can assume that this is the third petition to which defendant has been called upon to respond. "If a plaintiff desires to file an amended petition it is up to him to ask leave to do so." Jones v. Williams, 357 Mo. 531, 209 S.W.2d 907, 911. In this case the first mention of this issue was not in the form of a request to amend, but it consisted of the statement in the motion for new trial that "The judgment of the court granted no leave to amend." It thus appears that it was plaintiff's contention to the trial court that it should have granted leave to amend even though not requested. The transcript does not show that plaintiff ever requested leave to amend or that he advised the trial court of what allegations an amendment would consist, and we note that he does not so advise this court.

■ A court should not arbitrarily refuse to grant leave to amend a petition held to be insufficient, but as provided in Civil Rule 67.05, V.A.M.R., "the court shall freely grant leave to amend." The language of the rule clearly implies that in the granting or refusing of leave to amend, the trial court is to exercise its discretion in view of all the circumstances. Saigh ex rel. Anheuser-Busch, Inc. v. Busch, Mo. App., 396 S.W.2d 9. However, there may be reached a time when a defendant should no longer be required to continue to respond to amended petitions, particularly when the factual situation is not complex and a claim can easily and readily be stated if the facts authorize such a statement. When we consider that plaintiff made no request to the trial court for leave to amend at the time the motion to dismiss was sustained, that plaintiff had three opportunities to state a claim and did not do so, that the trial court had before it the answers to the interrogatories which in some respects explained plaintiff's contentions, and that plaintiff has made no attempt to demonstrate either to the trial court or this court what facts he would allege if leave to amend were granted, we cannot say that the trial court abused its discretion in not granting leave to amend the petition.

The judgment is affirmed.

BARRETT and PRITCHARD, CC., concur.

PER CURIAM.

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the Court.

FINCH, P. J., DONNELLY, J., and CLOYD, Special Judge, concur.

MORGAN, J., not sitting.