Harry A. WILLIAMS III, Plaintiff-
Appellant,

v.

GULF COAST COLLECTION AGENCY
COMPANY, Defendant-Respondent.

No. 34699.

Missouri Court of Appeals,
St. Louis District,
Division One.

March 13, 1973.

Motions for Rehearing or Transfer Denied
April 6, 1973.

Application to Transfer Denied May 14, 1973.

Gerritzen & Gerritzen, St. Louis, for plaintiff-appellant.

Strauss, Friedman & Sanders, St. Louis, for defendant-respondent.

DOWD, Chief Judge.

A libel per se case. Plaintiff appeals from a dismissal of his petition for failure to state a claim upon which relief can be granted. Plaintiff had sued the defendant for libel per se because of a letter sent by defendant to a lawyer. This letter stated that plaintiff's credit card account with Standard Oil Division of American Motor Company was delinquent and that the plaintiff had not been willing to work out a reasonable schedule of payment. The

letter then authorized the lawyer to begin legal action against the plaintiff. Gulf Coast also sent copies of this letter to the plaintiff and to Standard Oil.

The defendant's records were in error, however, and plaintiff's account was actually paid in full. Three months before Gulf Coast sent the letter to the lawyer, Standard Oil had written plaintiff informing him that defendant had been told to discontinue collection action and that plaintiff should disregard any further collection efforts by Gulf Coast. One month after its first letter to the plaintiff, Standard Oil again wrote him, apologizing for the errors in handling his account.

■ As stated, plaintiff's petition alleged libel per se. The Missouri statute defining libel reads: "A libel is the malicious defamation of a person made public by any printing, writing, sign, picture, representation or effigy tending to provoke him to wrath or expose him to public hatred, contempt or ridicule, or to deprive him of the benefits of public confidence and social intercourse * * *." Section 559.410.[1] Any language fairly included in the statutory definition is libelous per se. Becker v. Brinkop, 230 Mo.App. 871, 78 S. W.2d 538 (1935). This statute applies to civil and criminal cases. Coots v. Payton, 365 Mo. 180, 280 S.W.2d 47, 53 (banc 1955).

■ The controlling words in this section are "malicious defamation," and it must be shown that words constitute a defamation before the court will apply the public hatred, contempt feature. *Coots,* supra, l. c. 53. "Defamation includes the idea of calumny, aspersion by lying; the injury of another's reputation in that way. To defame is the speak evil of one maliciously, to dishonor, to render infamous." Brown v. Kitterman, 443 S.W.2d 146, 149 (Mo.1969) quoting from Diener v. Star-Chronicle Publishing Company, 232 Mo. 416, 135 S.W. 6 (1911).

■ We are aware that if words come within the meaning of Section 559.-410 without the aid of extrinsic facts, they constitute libel per se and are actionable on a mere allegation of general damages. *Brown,* supra, 443 S.W.2d at 149. But we do not believe the words in the defendant's letter constitute libel per se under the controlling words "malicious defamation." Defendant's motion to dismiss for failure to state a claim upon which relief may be granted does. not admit a construction ascribed to the words in plaintiff's pleading, and the question of whether such a meaning should be given them is a question of law for the court to decide on a motion to dismiss. Langworthy v. Pulitzer Publishing Company, 368 S.W.2d 385, 389 (Mo. 1963). No reasonable construction of the published words here, taken by themselves, can be said to be malicious defamation so as to constitute libel per se under the law to which we have referred.

■ In addition, the general rule in this area of law is that it is not libel per se to publish of one that he owes a debt which is long past due where that charge does not affect the person in his business, vocation, or profession. 53 C.J.S. Libel and Slander § 98. While neither our research nor the cases cited by either party have led to a Missouri case which expressly adopts this general rule, we believe that language used in cases points to acceptance of it. See e. g., Coonis v. Rogers, 429 S.W.2d 709, 714 [8, 9] (Mo.1968); Downey v. United Weather Proofing, 363 Mo. 852, 253 S.W. 2d 976, 983 [10, 11] (1953); Patterson v. Evans, 153 Mo.App. 684, 134 S.W. 1030, 1032 (1911).

■ We, therefore, hold that defendant's letter did not constitute libel per se.

■ Plaintiff's cause is based on libel per se, and while we need not go further, we will discuss libel per quod. A petition based on published words not constituting

---

1. All references to statutes are to RSMo 1969, V.A.M.S.

libel per se may state a cause of action for libel per quod but must allege special damages in order to state a cause of action. Langworthy, supra, 368 S.W.2d at 388. These special damages must be shown with definite particularity and consist of such items as a lost contract, sale, or other valuable item. McCormick, Damages, § 115 (1935).

■ We do not believe that attorney's fees can be considered special damages under the circumstances of this case in order to satisfy the requirements that an action for libel per quod allege special damages in order to state a cause of action. The rule is that ordinarily attorney's fees cannot be recovered as damages in the absence of statutory authority or a contract provision. Munday v. Thielecke, 290 S.W.2d 88 (Mo. 1956).[2] In the present case no authorization is given by either statute or contract.

■ It has been specifically held elsewhere that the allegation of attorney's fees as special damages is not sufficient to make a statement defamatory per quod if not otherwise actionable. Here the only special damage alleged is entirely the result of the plaintiff's own conduct in paying $50.00 to his attorney to "advise Gulf Coast Collection Agency not to proceed with a lawsuit against plaintiff." This payment was made after Standard Oil twice in writing admitted the billing was erroneous. Plaintiff may not pull himself up by his own boot straps and by such expenditure create a cause of action for himself where one does not otherwise exist. Bigelow v. Brumley, 138 Ohio St. 574, 37 N.E.2d 584 (Ohio 1941). In Bigelow, the court quoted from Restatement of Torts, Defamation § 575, comment b which provides that special damages "must result from conduct of a person other than the defamer or the one defamed * * *." The alleged "damage" in this case results directly from plaintiff's action in hiring

the attorney and not from the conduct of any third person.

Since we have determined that the sending of the letter to the lawyer with copies to plaintiff and Standard Oil did not constitute libel per se nor state a cause of action for libel per quod because the petition failed to allege damages cognizable in law, we hold that the trial court properly dismissed plaintiff's petition. The determination of this issue is decisive of this appeal and it is unnecessary to discuss plaintiff's other points.

The plaintiff, however, requests that the cause be remanded to give him an opportunity to amend his petition to state a different cause of action, charging the defendant with violating a criminal statute, § 559.450. The essence of this statute is that it is a misdemeanor to send a letter "threatening to accuse a person of a crime * * * or to do any injury to the person, property, credit or reputation of another * * *."

■ Leave to amend the petition is a matter within the discretion of the trial court. Cady v. Hartford Acc. & Indem. Co., 439 S.W.2d 483 (Mo.1969). In Cady, the court stated that it is incumbent upon the plaintiff to ask leave to file an amended petition. Here, plaintiff did not request leave of the trial court to amend his petition but waited until appeal to raise this argument for the first time. Following Cady, we find that the plaintiff had sufficient opportunity to amend his petition so as to state a claim on which relief could be granted, but failed to do so.

Plaintiff's reliance on Bell v. Green, 423 S.W.2d 724 (Mo. banc 1968), is misplaced. The Supreme Court, in explaining its decision to reverse and remand in that case, stated at page 734:

"Our action * * * was motivated by the particular circumstances of this case, in that plaintiff's counsel had relied on a theory discussed in the case of Haynie v.

---

2. See also 22 Am.Jur.2d, Damages, § 165; 50 Am.Jur. 21, Libel & Slander, § 351; 25 C.J.S. Damages § 50; 53 C.J.S. Libel & Slander § 237.

Jones [233 Mo.App. 948, 127 S.W.2d 105], which case had not been overruled or disapproved. * * * We now disapproved that theory, but for the first time. We have held that plaintiff's theory of submission was erroneous. * * *"

The court felt that, since the plaintiff had been misled by the prior state of the law, it was appropriate to remand the case, 1. c. 734, citing as authority Aiken v. Clary, 396 S.W.2d 668 (Mo.1965). We are not changing the existing law by our opinion here, and this plaintiff has not been misled by the prior state of the law. We feel, therefore, it would be inappropriate to remand this case.

The judgment is affirmed.

WEIER and McMILLIAN, JJ., concur.