Alvin BAKER, Plaintiff-Respondent,

v.

Arthur D. NEWCOMB, M.D.,
Defendant-Appellant.

No. 11913.

Missouri Court of Appeals,
Southern District,
En Banc.

Sept. 8, 1981.

Gary Ratzlaff, Boyer & Ratzlaff, Lamar, for plaintiff-respondent.

William J. Fleischaker, Roberts & Fleischaker, Joplin, for defendant-appellant.

PREWITT, Judge.

Defendant appeals from a judgment entered upon a jury verdict awarding plaintiff actual and punitive damages for trespass. Plaintiff, a tenant of defendant's farm land under an oral agreement, brought suit contending that defendant distributed fescue, clover and grass seed on the land, thereby damaging a wheat crop that plaintiff has sown.

By their agreement plaintiff was to receive three-fifths of the wheat crop and defendant two-fifths. The parties initially agreed that these shares would be determined by the yield over the entire 560 acres that was sown. They then modified the agreement by providing that plaintiff would receive the wheat east of a dividing fence and defendant that west of the fence. The fence divided the land in approximately

the same proportion as the parties had agreed to share the crop. This modification was made because defendant needed additional pasture for his cattle and he was going to graze them on the wheat west of the fence. Over plaintiff's protest, defendant hired an airplane pilot who "overseeded" the wheat crop with fescue, ladino clover and orchard grass. Plaintiff claimed damages to the wheat crop east of the fence.

■ Defendant's first point contends that the trial court erred in submitting plaintiff's verdict directing instruction because it did not require the jury to find that defendant knew or should have known that his conduct would interfere with the crop. Defendant claims that the jury must find that there was an intention on the part of defendant to intrude upon the property or that he negligently intruded thereon. The evidence showed that defendant's act was intentional but he contended that he believed it would not harm the wheat crop. Whether or not defendant so believed, he had no right to sow the property if plaintiff was entitled to possession of it. *Bert v. Rhodes*, 258 S.W. 40 (Mo.App.1924). A party is liable in trespass even though acting under a mistaken belief of law or fact, however reasonable. *Beetschen v. Shell Pipe Line Corporation*, 363 Mo. 751, 758, 253 S.W.2d 785, 788 (1952). A party may be liable in trespass if he intends to do the act which results in the damage, although in so doing he did not intend to commit an act of trespass; may not even know that his act will constitute a trespass, and may act in good faith and through honest mistake. *Cover v. Phillips Pipe Line Company*, 454 S.W.2d 507, 512 (Mo.1970). In a trespass case negligence is not a necessary element and need not be submitted. *Hawkins v. Burlington Northern, Inc.*, 514 S.W.2d 593, 601 (Mo.banc 1974). A party is responsible for damages resulting from trespass, regardless of negligence. *Curtis v. Fruin-Colnon Contracting Co.*, 363 Mo. 676, 681, 253 S.W.2d 158, 161 (1952). Point one is denied.

■ In point two, defendant contends that the trial court should have directed a verdict for defendant because plaintiff failed to establish "a causal connection between defendant's acts of over-seeding the crops and the damage, if any, which the crop received." Defendant was not entitled to a directed verdict as his interference with plaintiff's possession entitled plaintiff at least to nominal damages. *Bert v. Rhodes*, supra, 258 S.W. at 43; 51C C.J.S. Landlord & Tenant § 320.f, p. 823. See also *Ritchie v. State Board of Agriculture*, 297 S.W. 435, 438 (Mo.App.1927). In addition we believe there was sufficient evidence for the jury to find that the overseeding affected the wheat crop. There was evidence that the overseeding "sapped the fertilizer" from the wheat and prevented plaintiff from harvesting it in certain areas. Point two is denied.

■ Defendant's third point contends that punitive damages should not have been submitted because defendant in good faith believe that he was entitled to overseed the crop and that such conduct would not affect the wheat crop. Defendant's testimony, as well as other evidence, showed that he had talked with agricultural experts and had been informed that this type of overseeding was a common practice and should not affect the wheat yield. Before overseeding, defendant called plaintiff and told him of his intentions and plaintiff told him not to overseed. Plaintiff contends that defendant had no right to overseed as he had leased the land and was entitled to farm it without interference. In Missouri legal malice, as distinguished from actual malice, authorizes the award of punitive damages. *Duensing v. Huscher*, 431 S.W.2d 169, 174 (Mo.1968); *Bourne v. Pratt & Whitney Aircraft Corporation of Missouri*, 207 S.W.2d 533, 542 (Mo.App.1948). Legal malice in Missouri "does not mean hatred, spite or ill will, as commonly understood, but means the doing of a wrongful act intentionally without just cause or excuse." MAI 16.01. See also *Bourne v. Pratt & Whitney Aircraft Corporation of Missouri*, supra, 207 S.W.2d at 542. An intentional wrongful act done without just cause or excuse is willful and warrants the submission of punitive

damages. *Beetschen v. Shell Pipe Line Corporation*, supra, 253 S.W.2d at 787. Defendant intended to do the act which created the damage but contends that he did not believe it would cause damage. The jury did not have to believe defendant's contentions that he thought he had a right to overseed and intended no damage to plaintiff. They might even have believed that he did so because of ill feeling created by the dispute over plaintiff's obligation to care for defendant's cattle. If the jury believed plaintiff's evidence and did not believe defendant, they could have found that defendant's acts were wrongful and without any just cause or excuse. We hold that the question of punitive damages was properly submitted to the jury. This point is denied.

Defendant's fourth point contends that the trial court erred in allowing testimony that plaintiff was prevented from topdressing the wheat with nitrogen because defendant refused to unlock gates to the field. This occurred after the property was seeded by defendant. Defendant's fifth point claims the trial court erred in allowing plaintiff's counsel to argue this refusal to the jury. He contends that this evidence was not relevant to any issue raised by plaintiff's petition. We consider these points together.

In March plaintiff intended to "topdress" the wheat field with nitrogen and thought arrangements had been made for the gates to be unlocked. He and an employee of a fertilizer dealer testified the gates were locked and they were not able to get on the premises to apply the nitrogen. It rained that night and thereafter remained too wet to apply the nitrogen until it was too late to benefit from using it. Defendant presented evidence that he had arranged for the gates to be unlocked and that they were unlocked by his employee. There was evidence that the failure to apply nitrogen would decrease the wheat crop. If applied it would favor the growth of the wheat and depress the growth of the clover and grass. There was no reference to the gates being locked in plaintiff's petition, but he contends this evidence was relevant on the question of punitive damages. His attorney argued to the jury that defendant refused to open the gates because he knew that the fertilizer would favor the growth of wheat over the clover.

We believe that whether defendant intentionally prevented plaintiff access to the premises to put on the nitrogen was proper for the jury to consider in determining if they should assess punitive damage. Evidence of other acts of defendant are admissible if those acts are sufficiently connected with the wrongful acts that they may tend to show defendant's disposition, intention, or motive in the commission of the acts for which exemplary damages are claimed. *Charles F. Curry and Company v. Hedrick*, 378 S.W.2d 522, 536 (Mo.1964); 25A C.J.S. Damages § 159, p. 68. The failure to unlock the gates might indicate to the jury defendant's continuing intention to interfere with plaintiff's right of possession. This intention may have commenced with the overseeding. We believe they could consider that defendant denied plaintiff access to the wheat field in determining whether defendant's motive in overseeding was improper or in good faith with no intention to harm plaintiff. Points four and five are denied.

Defendant's sixth point contends that the trial court's ruling charging his portion of the receivership assets with the receiver's cost of harvesting the wheat was an abuse of discretion because neither party filed a pleading seeking to charge the other with those expenses and therefore the charges should have been assessed equally. Defendant requested the appointment of receiver. The receiver arranged for the harvesting of the field containing defendant's wheat. Plaintiff harvested his portion of the wheat but contended that his agreement to harvest defendant's portion was eliminated when they agreed to receive their portions from specific fields with defendant pasturing his field.

Courts generally are vested with large discretion in determining who shall pay the cost and expenses of receiverships

and may assess them against the fund in receivership or against the applicant for the receivership, or it may apportion them among the parties, depending upon the circumstances. *Handlan v. Handlan*, 360 Mo. 1150, 232 S.W.2d 944, 953 (1950). 66 Am. Jur.2d, Receivers, § 298, p. 113, 75 C.J.S. Receivers § 303a, pp. 981–982. See also Rule 68.02(c); *Gieselmann v. Stegeman*, 470 S.W.2d 522, 525 (Mo.1971); *Smith v. Tracy*, 372 S.W.2d 925, 940 (Mo.1963).

We see no reason why either party has to file a pleading to charge the other with these expenses. The determination of how the cost and expenses of the receivership are allocated must necessarily be determined by the trial judge and the record shows that the parties were heard orally concerning the allocation. We find no abuse of discretion. The trial judge may have believed plaintiff's testimony that his obligation to harvest defendant's wheat was eliminated when they modified their agreement. If so, it would be appropriate under the circumstances to assess those expenses from defendant's share. The sixth point is denied.

The judgment is affirmed.

All concur.