Charles L. FRIEDMAN and Karen L. Friedman, Plaintiffs-Appellants,

v.

EDWARD L. BAKEWELL, INC. and Nancy Bardenheier, Defendants-Respondents.

No. 46148.

Missouri Court of Appeals, Eastern District, Division Two.

July 5, 1983.

John B. Kistner, Rothman, Sokol & Adler, St. Louis, for plaintiffs-appellants.

John G. Young, Jr., Ziercher, Hocker, Human, Michenfelder, Nations & Jones, Clayton, for defendants-respondents.

GAERTNER, Judge.

Plaintiffs appeal from an order dismissing their petition for failure to state a cause of action for tortious interference with a business expectancy.

Appellant's first amended petition alleged that on April 26, 1981, appellants, through their real estate agent, made a written offer to purchase certain real property owned by Gertrude, Adele, and Jenevive Dubuque (sellers). Sellers counter offered orally through their realtor Nancy Bardenheier, agent for Edward L. Bakewell, Inc. (both respondents). Appellants accepted the sellers' oral counter offer on or about April 27. Sellers subsequently sold the property to a third party buyer.

The petition further alleged that defendants-respondents induced the sellers to contract with the third party buyer, thereby intentionally interfering with a business expectancy that arose between appellants and sellers on the appellants' acceptance of sellers' oral counter offer. The petition further alleged that the respondents were motivated to interfere because of the prospect of a larger commission in a sale to the third party, who was their own client, rather than to appellants, who employed another realtor.

Respondents' motion to dismiss for failure of the petition to set forth all elements required to establish a claim of tortious interference with a business expectancy was sustained by the trial court and this appeal ensued.

A petition is sufficient against a motion to dismiss if its allegations invoke substantive principles of law which entitle the plaintiff to relief and if it alleges facts which inform the defendant of what the plaintiff will attempt to prove at trial. *Fischer, Spuhl, Herzwurm & Associates, Inc. v. Forrest T. Jones & Co.,* 586 S.W.2d 310, 315 (Mo. banc 1979); *Heitman v. Brown Group, Inc.,* 638 S.W.2d 316, 320 (Mo.App.1982). In reviewing dismissal of a petition for failure to state a claim, the appellate court will consider the facts set forth in the petition to determine the validity of the trial court's judgment. *Pillow v. General American Life Insurance Co.,* 564 S.W.2d 276, 279 (Mo.App.1978). "The facts stated in the petition are to be taken as true, and if the facts pleaded and the reasonable inferences to be drawn therefrom, viewed most favorably from the plaintiff's vantage point, show any ground for relief, the petition may not be dismissed." *Id.* In determining the sufficiency of the petition to state a claim, conclusions of the pleader are not considered. *Cady v. Hartford Accident & Indemnity Co.,* 439 S.W.2d 483, 485 (Mo.1969).

Appellants contend on appeal that their petition, when accorded a reasonable and fair intendment, properly pleads all the elements of a cause of action for tortious interference with a contract or business expectancy as set down in *Fischer, Spuhl, Herzwurm & Associates, Inc. v. Forrest T. Jones & Co.,* 586 S.W.2d 310, 315 (Mo. banc 1979):

"(1) A contract or a valid business relationship or expectancy (not necessarily a contract);

(2) Defendant's knowledge of the contract or relationship;

(3) Intentional interference by the defendant inducing or causing a breach of the contract or relationship;

(4) The absence of justification; and,

(5) Damages resulting from defendant's conduct."

Respondents argue, inter alia, that the petition fails to state facts which, if proved, would establish the absence of justification and that such failure is fatal. We agree.

Appellants urge us to find this essential element of their purported cause of action in paragraph 10 of the amended petition. "10. Defendants Bakewell and Bardenheier were motivated to intentionally interfere with the business relationship between Plaintiffs and the Dubuques for the reason that Defendants were agents for the third party who ultimately executed a contract with the Dubuques and therefore, Defendants were able to earn both a commission for listing the property and a commission for producing a purchaser for the property. Defendants' acts as aforesaid were intentional and without justification or excuse."

Obviously, the bare averment that respondents acted "without justification or excuse" is a "[m]ere conclusion of the pleader, not supported by factual allegations [and] cannot be taken as true and must be disregarded in determining whether a petition states a claim on which relief can be granted." *Tolliver v. Standard Oil Co.,* 431 S.W.2d 159, 162 (Mo.1968).

■ It has been definitively established in such cases as *Cady v. Hartford Accident & Indemnity Co.,* 439 S.W.2d 483 (Mo.1969), and *Pillow v. General American Life Insurance Co.,* 564 S.W.2d 276 (Mo.App.1978), that one who has an economic interest in a contract cannot be held liable for inducing a breach thereof even though motivated by self interest, in the absence of pleading and proof that such self-interested purpose was accomplished by improper means.

In *Cady* the plaintiff alleged that the defendant automobile insurer interfered without justification in a contract between plaintiff and an automobile repair company by influencing the repair company to make less than a complete repair of plaintiff's automobile. The court said that merely because the defendant insurer's liability for repairs to plaintiff's car gave it an interest in the repair contract, it did not follow that any interference by the defendant insurer in the performance of the contract was necessarily wrongful, "but in order to state a cause of action, it is necessary that facts be alleged from which it could be found that the interference was not justified." *Cady v. Hartford Accident & Indemnity Co.,* 439 S.W.2d at 485. The court in *Cady* held the pleadings conclusory, not authorizing a finding of unjustified interference by the defendant.

" 'Mere conclusions of the pleader not supported by the factual allegations cannot be taken as true and must be disregarded in determining whether a petition states a claim on which relief can be granted.' *Tolliver v. Standard Oil Company, supra,* 431 S.W.2d at p. 162; *Miller v. Ste. Genevieve County,* Mo., 358 S.W.2d 28, 30. When considered according to the above rules, plaintiff does not allege *facts* from which it could be found that defendant, who had an interest in the contract, maliciously interfered, that is, interfered without justification with the contract between plaintiff and Kincaid-Webber Motor Company."

*Cady v. Hartford Accident & Indemnity Co.,* 439 S.W.2d at 485–86.

The court in *Pillow v. General American Life Insurance Co.,* 564 S.W.2d 276 (Mo. App.1978), defined justification for interfering in a contract, citing *Cady* and *Orr v. Mutual Benefit Health & Accident Assoc.,* 207 S.W.2d 511 (Mo.App.1947).

"*Orr,* supra, stands for the proposition that no liability for procuring a breach of contract exists where the breach is caused by the exercise of an absolute right, that is, an act which one has a definite legal right to do without any qualification . . .

These cases recognize the principle of law that one who has a present, existing

economic interest to protect, such as a prior contract of his own or a financial interest in the affairs of the person persuaded to breach his contract with another, is privileged to prevent performance of the contract which threatens said economic interest. Prosser on Torts, Second Edition, Ch. 23, § 106, p. 737; 86 C.J.S. Torts § 44, p. 967; 45 Am.Jur.2d Interference, § 30, p. 307. See also Annotation, 84 A.L.R. pp. 83–85.

However, it is not justification to knowingly procure the breach of a contract where the defendant acted with an improper purpose and sought not only to further his own interest, but in doing so employed improper means. 86 C.J.S. Torts, § 44 p. 967."

*Pillow v. General American Life Insurance Co.,* 564 S.W.2d at 281–82.

 Appellants have not cited and we have been unable to find any case contradicting the *Cady* and *Pillow* requirement of showing the impropriety of self-interested interference where the defendant has a legitimate interest in the contract or the business expectancy at issue. Moreover, appellants candidly concede that their oral agreement for the purchase of real estate did not rise to the level of an enforceable contract. Rather, they argue that it created a "business expectancy" which they contend, is a protectable interest. In support of their position they cite *Downey v. United Weatherproofing Inc.,* 363 Mo. 852, 253 S.W.2d 976 (1953). Their reliance on *Downey* is misplaced. *Downey* involved a continuing business relationship rather than a single transaction and the means employed for the inducement to breach this relationship constituted false and fraudulent representations regarding the plaintiff's solvency and reliability. No similar factual allegations are contained in appellant's first amended petition.

The applicable rule is succinctly stated in the Restatement of Torts Second, § 769. "One who, having a financial interest in the business of a third person intentionally causes that person not to enter into a prospective contractual relation with another, does not interfere improperly with the other's relation if he

a) does not employ wrongful means and

b) acts to protect his interest from being prejudiced by the relation."

Having failed to allege any facts tending to show that respondents employed wrongful means in order to induce the sellers to accept the offer of another purchaser, appellant's first amended petition fails to allege an essential element of a claim for damages for tortious interference with a contract or business expectancy. Accordingly, the judgment of the trial court dismissing the petition is affirmed.

SNYDER, P.J., and DOWD, J., concur.