Charles R. KRUSE, et ux. and Gregory Boyer, et ux., Plaintiffs-Appellants,

v.

Floyd C. JOHNSON, et ux., Defendants-Respondents.

No. 48763.

Missouri Court of Appeals, Eastern District, Division One.

April 2, 1985.

---

Robert L. Brown, Arnold, for plaintiffs-appellants.

Gerald T. Hoff, Clayton, for defendants-respondents.

KAROHL, Judge.

Plaintiff-property owners appeal from a judgment denying their request for reformation of a deed. We affirm.

The deed in question was a general warranty deed from co-plaintiff-grantors Charles and Doris Kruse to defendants Floyd and Jewell Johnson. Plaintiff-property owners, the Boyers, were not parties to the deed which they asked the court to reform.

Kruse and wife developed Heege View Second Addition Subdivision located in St. Louis County, Missouri. In September 1969 they deeded Lot 2 of the subdivision to plaintiffs Gregory and Helen Boyer. Mr. Kruse is Mr. Boyer's nephew. The Kruses constructed a residence on Lot 2 for the Boyers so that the eastern edge of the house is so near to the east property line of Lot 2 that a 21" lawn mower will not fit between the southeast corner of the foundation and the property line. The property line in the deed is the platted property line between Lots 1 and 2.

The general warranty deed of April 1973 by which Johnson and wife acquired their property from Kruse and wife contains the legal description, "Lot 1, in Block 7 of Heege View Second Addition as per plat thereof recorded in Plat Book 130, Page 89 of the St. Louis County Records." Subsequently, Johnson constructed a fence between his home on Lot 1 and the Boyer's home on Lot 2. In the process of erecting the fence Mr. Kruse who happened to be visiting the Boyers advised Mr. Johnson the property line was east of the location of the line shown on the plat and described in both of the deeds from Kruse, one to the Boyers and the other to the Johnsons. The line indicated by Mr. Kruse to Mr. Johnson was three feet east of the southwest corner of Lot 1 and 7.25 feet east of the northwest corner of Lot 1 as shown on the recorded plat and the warranty deeds. Johnson built a wire fence along the line indicated by Kruse. As a result the fence was from 3 to 7.25 feet east of the platted property line and as described on the deeds.

In 1981 the Johnsons had the common property line between Lots 1 and 2 surveyed in order to locate a swimming pool in their back yard. See Exhibit. The survey disclosed that the fence was not erected along the property line. The Johnsons moved their fence to the property line. As a result of the move the fence was only eight inches at its closest point from the Boyer's home at its southeast corner.

This law suit constitutes an effort by the Boyers to reform the 1973 Kruse-Johnson deed by redescribing the western boundary of Lot 1 to describe the line on which the fence was first built and before it was moved.

The parties did not request findings of fact or conclusions of law and no findings were made. The trial court found however that neither the Boyers nor the Johnsons were at fault in the proceedings. Plaintiffs rely on an error or mistake made by the

common grantor Charles R. Kruse and wife. The trial court "dismissed" plaintiffs' petition for reformation of deed. We construe this to be a judgment in favor of defendants.

The Boyers contend on appeal that the trial court erred in failing to find that there was a mutual mistake of fact between Kruse and wife as grantors and the Johnsons as grantees. The Boyers were not parties to the transaction. They also contend that the trial court found that an error was created and caused by Charles R. Kruse which constitutes a mutual mistake in the preparation of the deed and that this finding requires a reformation of the deed.

We review this appeal from an equity judgment on the principles announced in *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). "The burden of proof in such case is upon the parties seeking reformation to show by clear, cogent and convincing evidence (1) a preexisting agreement of the parties to describe [the property as prayed] ..., (2) the mistake and (3) the mutuality of the mistake. (citations omitted)." *Ethridge v. Perryman*, 363 S.W.2d 696, 698 (Mo.1963). The Boyers must prove "... both a prior agreement to convey the land within the reformed description and that there was a mutual mistake of fact in the preparation of the deed. There can be no dispute those two elements are the necessary elements for reformation of a deed. *Hoffman v. Maplewood Baptist Church*, 409 S.W.2d 247 (Mo.App.1966)." *Flaspohler v. Hoffman*, 652 S.W.2d 703, 708 (Mo.App.1983). "The fact that there is evidence in the record which might have supported a different conclusion, however, does not demonstrate that the decree is contrary to the weight of the evidence." *Stegemann v. Fauk*, 571 S.W.2d 697, 700 (Mo.App.1978).

Within these principles we review appellants' contentions. The Johnsons denied actual notice of the location of the boundary line between Lots 1 and 2 of Heege View Second Addition before purchasing their property and accepting the deed describing the boundary line according to the recorded plat. Sometime thereafter Mr. Johnson erected a fence along the line indicated by Mr. Kruse. On February 22, 1973, two months before the Kruse-Johnson deed, Kruse had a surveyor survey a line approximately halfway between the residence of Boyer and the Johnson house. This line was marked by a hatchmark on the sidewalk along the northern line of the property and a flag along the southern line. However, the Johnsons testified they were unaware of the survey or the markings on the sidewalk prior to their purchase of Lot 1. They were not aware of Kruse's effort to give the Boyers a quit claim deed to the strip of land between the platted western boundary of Lot 1 and the newly surveyed line. This deed was recorded by Kruse on April 23, 1973, eight days after he deeded Lot 1 to the Johnsons. Kruse did this without the knowledge of the Boyers or the Johnsons. Kruse testified that he ordered the survey of a new property line and executed the quit claim deed because the Boyer's house was too close to the property line. He did not testify that he told either the Johnsons or the Boyers about the new survey or quit claim deed at anytime prior to the Johnson's purchase. Accordingly there was evidence from which the court could find that there was no preexisting agreement between Kruse and Johnson changing the platted property line which was incorporated into the warranty deed. Further, there was evidence from which the court could find that there was neither a mistake or mutuality of a mistake in the deed to the Johnsons. The intentional acts of Kruse in constructing the Boyer's home too close to the property line; failing to describe the property line in the Johnson's warranty deed as re-surveyed; and recording the quit claim deed without notice to the Boyers or the Johnsons may have been his "mistakes" but they do not constitute either a preexisting agreement of the parties or mutuality of mistake. The Johnsons denied any knowledge of these acts and received a deed consistent with their agreement with their grantor.

The original construction of the fence by the Johnsons along the line east of the record property line was not evidence of a mutual mistake affecting their deed from the Kruse's. It resulted from an intentional misrepresentation by Mr. Kruse and a lack of actual knowledge of the true facts by Mr. Johnson. This does not establish an agreement prior to the deed that the original fence line was the property line. It does not represent proof that Mr. Johnson ever agreed that it was the property line. Mr. Johnson testified that he bought his house "according to the description that was told to me that was listed by the agent." This description was consistent with the plat and the warranty deed described the lot as platted. Point denied.

We find no merit in appellants' second contention because it misstates the judgment of the trial court. It contends that the court found a mutual mistake in the preparation of the warranty deed from Kruse to Johnson and a prior agreement to convey an amended Lot 1. The trial court found only that Kruse knew of his error and failed to correct it. The trial court did not find that Johnson agreed to purchase less than Lot 1 as platted or that Johnson was aware of the efforts of Kruse to change the common boundary line between Lot 1 and Lot 2.

We affirm.

PUDLOWSKI, P.J., and GAERTNER, J., concur.

EXHIBIT

RESUBD. OF

# HEEGE VIEW 2ND ADD'N.

**118** 

LS-462
JAMES L. WURM
REGISTERED
MISSOURI LAND SURVEYOR

**OFFICE OF**

# James Engineering and Surveying Company, Inc.

### Registered Land Surveyor

32A South Central Ave. • Room 207
Clayton, Mo. 63105 • Office 727-4003

This is to certify that at the request of_____Floyd Johnson_____.

we have, on the____fourth_____day of_____June, 1979_____made a survey
BLK. 7
to stake out Lot 1 of the Resubdivision of Hoege View 2nd Addition re-

corded in plat bk.130,pg.89 of the in_____St. Louis_____County, Missouri,
St. Louis County Records
and that the result of said survey is correctly represented upon this plat.

Survey by____T. Laneman_____ JAMES SURVEYING COMPANY.

Survey No.____13842____ By ~James L. Wurm~