**Eugene MITCHELL, Plaintiff-Appellant,**

v.

**ST. LOUIS BUSINESS JOURNAL and Mark Stallmann, Defendants-Respondents.**

**No. 48610.**

Missouri Court of Appeals, Eastern District, Division One.

April 16, 1985.

Ira M. Young, St. Louis, for plaintiff-appellant.

Robert B. Hoemke, St. Louis, for defendants-respondents.

PUDLOWSKI, Presiding Judge.

This is an appeal from the trial court's order dismissing appellant's petition for failure to state a cause of action. We affirm.

Appellant, Eugene Mitchell filed an action for libel against respondents, St. Louis Business Journal, Inc. and Mark Stallmann, a writer and reporter for the St. Louis Business Journal. The action arises out of an article published by respondents entitled, "Family Fight Threatens Argus." The article concerned court action initiated for the appointment of a receiver to take control of the St. Louis Argus Publishing Company, publisher of the St. Louis Argus newspaper. The article also contained the following passage which appellant alleges is libelous *per se:*

Last year he was arrested and charged with the possession of four grams of cocaine and two marijuana cigarettes, as well as carrying an unregistered handgun. He was acquitted on the drug charges and convicted and given probation on the handgun charge.

Following publication of the article, appellant filed suit alleging that he had been libeled because the statement that he had been convicted of carrying an unregistered handgun was false and therefore, libelous *per se.* Respondents moved to dismiss on the grounds that the statement was not libelous *per se* and, inasmuch as appellant had failed to plead special damages, the petition failed to state a cause of action for which relief could be granted. The trial court sustained respondent's motion to dismiss and granted appellant leave to amend the petition within thirty days. Appellant elected not to file an amended petition, but rather to appeal the decision of the trial court concerning his original petition.

■ A preliminary question, raised by respondents in their brief, is whether or not the order appealed from is an appealable order.

Respondents contend the order is not appealable because the order dismissing appellants motion was without prejudice and an order of dismissal without prejudice or with leave to amend is not a final judgment from which an appeal may be taken relying on *Bailey v. Williams,* 326 S.W.2d 115 (Mo.1959); *Miller v. Schultz,* 614 S.W.2d 11 (Mo.App.1981).

This question was answered in *Welch v. City of Blue Springs,* 526 S.W.2d 379 (Mo. App.1975) and *Hunt v. Dallmeyer,* 517 S.W.2d 720 (Mo.App.1974). By filing notice of appeal, appellants acknowledged the final nature of the dismissal. The order appealed from is considered final for purpose of appeal.

■ Addressing the merits of the appeal, appellant contends that respondent's published article stating that he had been convicted of carrying an unregistered handgun was libelous *per se* and did not require special damages be pleaded.

If a publication is libelous *per se,* general damages alone may be pleaded. However, if words are not libelous *per se* but merely libelous *per quod,* special damages must be specifically pleaded and proven. *Langworthy v. Pulitzer Publishing Co.,* 368 S.W.2d 385 (Mo.1963).

■ The case law in Missouri is well settled that publication of a statement imputing or charging one with the commission of a crime, whether directly or indirectly, is libelous and defamatory *per se. Walker v. Kansas City Star Company,* 406 S.W.2d 44 (Mo.1966). However, it has been held that if the imputation does not charge a crime under the laws of the state, it is not actionable *per se. Furlong v. German-American Press Association,* 189 S.W. 385 (Mo.1916).

In the case at bar, respondent mistakenly and inaccurately alleged appellant was arrested and convicted for carrying an unregistered handgun. Missouri does require a permit to acquire a concealable weapon (571.090), but there is no such crime as carrying an unregistered handgun in the State of Missouri. It is illegal in our state to carry a concealed weapon. Section 571.030. Respondents' publication did not allege the statutory crime but an imaginary and illusory offense.

■ A petition based on published words not libelous *per se* may state a cause of action for what is referred to as libel *per quod. Langworthy v. Pulitzer Publishing*

*Company,* 368 S.W.2d 385 (Mo.1963). Appellant chose not to amend his petition to allege libel *per quod.* Whether words are libelous *per se* is a question of law which the court may properly decide on a motion to dismiss. *Anton v. St. Louis Suburban Newspapers, Inc.,* 598 S.W.2d 493 (Mo.App. 1980). We conclude the trial court properly dismissed appellant's cause of action.

Judgment affirmed.

GAERTNER and KAROHL, JJ., concur.