Joseph H. BOES and Dorothy J. Boes, his wife, Plaintiffs-Respondents,

v.

Wilbur KACHUR and Genevieve Kachur, his wife, Defendants-Respondents,

and

Keith Monroe and Sharon M. Monroe, his wife, Defendants-Appellants.

No. 49582.

Missouri Court of Appeals, Eastern District, Division Six.

Aug. 12, 1986.

Michael P. Riley, Carson, Coil, Riley, McMillin, Levine & Veit, P.C., Jefferson City, for defendants-respondents.

Robert Lewis Hawkins, Mark Wood Comley, Hawkins, Brydon & Swearengen, Jefferson City, for defendants-appellants.

Lowell R. McCuskey, Linn, for plaintiffs-respondents.

B.C. DRUMM, Jr., Special Judge.

The genesis of this appeal is a summary judgment entered by the trial court in favor of plaintiffs Boes and defendants Kachur reforming two warranty deeds, one from the Kachurs to the Boes and the other from the Kachurs to defendants Monroe. Monroes contend that they were entitled to summary judgment or, alternatively, that summary judgment was inappropriate due to the existence of genuine issues of material facts.

In 1983, the Boes initiated this action to reform two warranty deeds by which the Kachurs, as common grantor, had conveyed certain real estate in Osage County to the Boes in 1977 and Monroes in 1979. Boes alleged that the deeds were incorrectly drawn due to mutual mistake and misunderstanding of the parties. Kachurs admitted the averments of the Boes' petition. Monroes filed a general denial claiming that their deed accurately reflected their transaction with Kachurs. Monroes, in affirmative defense, alleged laches, unclean hands [trespass], and the statute of frauds as a bar to Boes' action. Monroes also counterclaimed against Boes for actual and punitive damages for trespass to the real estate in question and cross-claimed against the Kachurs alleging that Kachurs breached their warranty of title and failed to defend the Monroes' title against the claim asserted by the Boes.

All the parties moved for summary judgment claiming that there was no genuine issue of material fact. Based on the pleadings; the admissions of the Monroes and Kachurs; the affidavits of Joseph H. Boes, the Kachurs and Keith Monroe; and the exhibits on file, the trial court granted the Boes' and Kachurs' respective Motions for Summary Judgment. Reformation was ordered in accordance with the prayer in the Boes' petition. Summary judgment was also entered in favor of the Boes and Kachurs on the Monroes' counterclaim and cross-claim. Monroes appealed. We reverse and remand.

On June 7, 1977, the Boes contracted with the Kachurs to purchase all of the Kachurs' land located in Osage County, Missouri, and situated south and east ("east") of Osage County Road # 303. The warranty deed, which is recorded in book 164, page 11 of the Osage County Records, reflects a conveyance of six (6) acres, more or less. The Boes entered into possession placing used tires on the property and "brush-hogging" same. The Boes, in their petition, alleged that, in fact, the land situated to the east of the road contained twelve and one-half (12.5) acres and that the legal description in the deed did not fully describe their land.

On April 13, 1979, the Monroes contracted with the Kachurs to purchase all the Kachurs' land located in Osage County, Missouri, and situated west of Osage County Road # 303, one hundred ten (110) acres more or less. On April 21, 1979, by warranty deed recorded in book 167, page 399 of the Osage County Records, the Kachurs conveyed one hundred ten (110) acres, more or less, to the Monroes, of which five or six (5 or 6) acres, more or less, was situated to the east of Osage County Road # 303.

All parties filed affidavits. In his affidavit, Keith Monroe states that "It is my opinion that the Kachurs intended to con-

vey to me and my wife 110 acres of land and some of that 110 acres lies south and east of Osage County Road # 303." In his affidavit, Joseph Boes stated only that he and his wife purchased and used the Kachur land lying "south of Osage County Road # 301 [sic]." The Kachur affidavit stated, in summary, that it was their intent, as grantors, to convey the land east of the road to the Boes and the land west of the road to the Monroes.

Appellate cases stating the law pertaining to summary judgments in Missouri are legion. Summary judgment is a drastic remedy which is inappropriate unless the prevailing party has demonstrated by unassailable proof that there is no genuine issue of material fact and that the party is entitled to judgment as a matter of law. V.A. M.R. 74.04. *Bakewell v. Mo. State Employees' Retirement System,* 668 S.W.2d 224, 226 (Mo.App.1984). The record must be scrutinized in the light most favorable to the party against whom filed, and that party must be accorded the benefit of every doubt. Since there can be no material factual dispute, findings of fact are inappropriate. *Fauvergue v. Garrett,* 597 S.W.2d 252, 253 (Mo.App.1980); *Black Loaf Products Co. v. Chemisco, Inc.,* 678 S.W.2d 827, 829 (Mo.App.1984). Where there is even slight doubt as to facts bearing upon material issues in a case, summary judgment is not to be awarded. *Zahorsky v. Barr, Glynn and Morris, P.C.,* 693 S.W.2d 839, 840 (Mo.App.1985); *Shepherd v. American States Insurance Co.,* 671 S.W.2d 777, 780 (Mo. banc 1984).

■ Summary judgment in this matter depends upon the existence of no genuine issue of material fact in granting reformation of the two deeds. The party seeking reformation must demonstrate by clear, cogent and convincing evidence: (1) a pre-existing agreement of the parties to describe the property as prayed, (2) the mistake, and (3) the mutuality of the mistake. *Ethridge v. Perryman,* 363 S.W.2d 696, 698 (Mo. 1963); *Kruse v. Johnson,* 689 S.W.2d 114, 116 (Mo.App.1985). Boes must prove, with respect to both deeds, a prior agreement with each party to convey the land within the reformed description *and* that there was a mutual mistake of fact in the preparation of each deed. *Hoffman v. Maplewood Baptist Church,* 409 S.W.2d 247 (Mo. App.1966); *Flaspohler v. Hoffman,* 652 S.W.2d 703, 708 (Mo.App.1983).

■ Kachurs and Boes agree that they made a mutual mistake, contrary to their pre-existing agreement, by failing to include the disputed land east of the road in their 1977 deed. Since the disputed land east of the road was conveyed by the Kachurs to the Monroes in 1979, reformation of the Kachur/Boes deed depends upon the trial court's decision concerning the reformation of the Kachur/Monroe deed. The respective affidavits filed by Kachurs and Monroes indicate genuine issues of material fact focusing on their pre-existing agreement and the mutuality of the mistake. Also, reformation cannot be granted against a bona fide purchaser without notice of the facts. *Lacy v. Schmitz,* 639 S.W.2d 96, 99 (Mo.App.1982). Thus, there also exists concomitant unresolved factual issues, which may or may not involve the Kachur/Monroe agreement concerning the Monroes' knowledge of or notice of the facts. The summary judgment on the Kachur/Boes deed was improvident. The counterclaim and cross-claim depend, in part, on the resolution of the issues pertaining to the reformations. Those summary judgments also fail.

The summary judgments are reversed and remanded.

CRIST, P.J., and KAROHL, J., concur.