Lucille COCKRELL, Plaintiff–Appellant,

v.

PLEASANT VALLEY BAPTIST CHURCH,
Defendant–Respondent.

No. 54912.

Missouri Court of Appeals,
Eastern District,
Northern Division.

Jan. 17, 1989.

Lee R. Elliott, Troy, for plaintiff-appellant.

Dan B. Dildine, Troy, for defendant-respondent.

PUDLOWSKI, Chief Judge.

Appellant, Mrs. Lucille Cockrell, filed a petition for reformation of deeds and for

damages in trespass. In Count I, she alleged that the legal descriptions of land owned by the parties, as well as surveys of the properties, were inconsistent and in need of reform. She prayed for an equitable amount of restitution for damages caused when respondent, partially because of these inconsistencies, converted her ground. In Count II she alleged that she was damaged in the amount of $20,000.00 when respondent invaded, intruded, trespassed and excavated upon her property. Respondent filed a motion to dismiss for failure to state a claim. The court granted the motion, dismissed without prejudice and granted appellant leave to amend her pleadings within 20 days. Appellant did not amend but initiated this appeal instead.

▪ A preliminary question arises as to whether the order appealed from is a final judgment capable of being appealed.

The question is not solved by Missouri Supreme Court Rule 67.06 which provides in part, "If the amended pleading is not filed within the time allowed, final judgment of dismissal with prejudice shall be entered on motion except in cases of excusable neglect; in which cases amendment shall be made promptly by the party in default." Rule 67.06. A final judgment of dismissal has not been entered. No party has made a motion to convert the judgment into a dismissal with prejudice. The filing of such a motion is a prerequisite to entry of final judgment of dismissal under Rule 67.06. *L.S.L. Systems, Inc. v. Monsanto Corp.*, 723 S.W.2d 939, 941 (Mo.App.1987).

Appellant's attorney argues that an appeal was his client's only viable option. He asserts re-pleading the petition within the twenty days would have exposed his client's cause to the argument that "Judge Duggan had already ruled that such relief was not available under these facts." Counsel incorrectly reads Judge Duggan's order. We note the order stated the cause was dismissed without prejudice. For the precise meaning of the phrase "without prejudice," we refer counsel to any competent legal dictionary. The argument he

feared could not have been successfully made.

This court cannot concern itself with a course of action not chosen. In the matter before us, the appellant has not re-plead her cause but has instead initiated this appeal. This court has held that an appellant acknowledges the final nature of a dismissal when she files notice of appeal. The order is then considered final for purposes of appeal. *Mitchell v. St. Louis Business Journal*, 689 S.W.2d 389, 390 (Mo.App.1985). Thus, the order is now final for purposes of this appeal.

Addressing the merits of the appeal, appellant alleges that the trial court erred in granting respondent's motion to dismiss for failure to state a claim.

A petition will survive a motion to dismiss if it alleges substantive principles of law which entitle the plaintiff to relief and it alleges facts sufficient to inform the defendant of what the plaintiff will attempt to prove. *Friedman v. Edward L. Bakewell, Inc.*, 654 S.W.2d 367, 368 (Mo.App. 1983). In reviewing the dismissal of a petition for failure to state a claim, the appellate court will consider the facts stated in the petition as true and if the facts plead and the reasonable inferences drawn therefrom, viewed in the light most favorable to the plaintiff, show any ground for relief the petition may not be dismissed. *Id.* The appellate court will not consider conclusions of the pleader in determining the sufficiency of the petition. *Id.*

Appellant alleges the trial court erred in dismissing Count I for failing to state a cause of action for reformation of deeds. Reformation of written instruments is an extraordinarily power of equity which must be guarded with zealous care and exercised with great caution only in clear cases of fraud or mutual mistake. *Dehner Urban Redev. Corp. v. Dun & Bradstreet, Inc.*, 567 S.W.2d 700, 704 (Mo.App.1978).

▪ The plaintiff has not plead an action based on fraud. Nowhere in the petition is the word "fraud" mentioned, nor does it

allege acts which can be construed as fraud. Therefore, if her petition states a cause for reformation, it must do so by pleading mutual mistake.

An action for reformation based on mutual mistake requires petitioner to allege three elements; the preexisting agreement of parties, mistake and mutuality of mistake. *Boes v. Kachur,* 714 S.W.2d 925, 927 (Mo.App.1986). Appellant has not plead these elements. The petition does not contain sufficient allegations of a prior agreement to convey land nor does it contain a sufficient allegation of mutual mistake.

Appellant cites several cases as dealing "similar facts ... with the same elements and remedies available." We fail to see how these cases aid appellant. Two of the cases cited, *Jennemann v. Hertel,* 264 S.W.2d 911 (Mo.App.1954) and *Hayden v. Grand River Mutual Telephone Corp.,* 440 S.W.2d 161 (Mo.App.1969) are trespass cases and do not discuss the pleading requirements for reformation at all. A third, *Crawford v. Amusement Syndicate Co.,* 37 S.W.2d 581 (Mo.1931), involves an action for quiet title in which the court expressly stated that reformation of a deed may be had in a quiet title proceeding if properly plead. *Id.* at 584. Appellant has not properly plead a cause for reformation of deed. Trial court did not err in dismissing Count I.

■ Appellant alleges the trial court erred in dismissing Count II for failing to state a cause of action in trespass. We agree. The petition sufficiently alleges the respondent, its agents and employees, in the course of constructing an addition to the church, intended to and did invade appellant's property without permission. The appellant has also sufficiently alleged a direct and immediate injury caused by respondent's act.

Respondent argues a literal reading of Count II states that the church was within its rights and boundaries when the addition was constructed. We disagree.

The petition specifically alleges the construction occurred within "erroneous boundaries." A party is liable in trespass even though acting under a mistaken belief of law or fact, however reasonable. *Baker v. Newcomb,* 621 S.W.2d 535, 537 (Mo.App. 1981). A party may be liable in trespass if he intends to do the act which results in the damage, although in so doing he did not intend to commit an act of trespass. The party may not even know that his act will constitute a trespass, and may act in good faith and through honest mistake. *Id.* The appellant has properly plead that the respondent mistakenly but intentionally entered her property. The lower court's decision is affirmed in part and reversed and remanded in part.

DOWD and GRIMM, JJ., concur.